JAMES H. FARRAR, BY HIS GUARDIAN, H. D. FARRAR *v.* E. H. OLMSTEAD AND WIFE.

*Abatement. Guardian. Decrees of the Probate Court.*

When a minor has no parent living who is authorized to act as his guardian, on application of such minor or of any relative or friend, the probate court may appoint some suitable person, and under this provision of the statute, whenever the appointment of a guardian is made by the probate court, notice is not required to be given to any one.

James H. Farrar commenced an action in general assumpsit by his guardian, H. D. Farrar, and the defendants plead in abatement, that H. D. Farrar was not a legal guardian of the minor, and had no right to commence the action. The question arising upon demurrer, as to the legality of the appointment of the guardian, it was *held*, that so long as the decree of the probate court making the appointment remained unappealed from, or unreversed, this court is bound by the adjudication of the probate court, and that third persons cannot plead the matter in abatement of suits commenced, and in this collateral manner nullify the decrees of the probate court.

ASSUMPSIT. The action was commenced by James H. Farrar, in the name of H. D. Farrar, his guardian. The defendants plead in abatement that H. D. Farrar is not legal guardian of the plaintiff, that said James H. has a maternal parent still living and residing in the same probate district with said James H., &c. The plaintiffs replied, that the maternal parent of the said James H., was and still is a married woman, and not authorized to act as the guardian of the said James H. To the replication of the plaintiffs the defendants demurred.

Farrar *v.* Olmstead and Wife.

The county court, *pro forma,* decided that the plaintiff's writ and declaration be quashed. Exceptions by plaintiff.

*A. O. Aldis for plaintiff.*

1. The plea in abatement holds the appointment of H. D. Farrar as guardian to be void, because the minor at the time of such appointment being the owner of personal estate and having a mother living, the mother had no notice of the application for such appointment and no opportunity to make her objections. This position the defendants would sustain by a construction of the third clause in Sec. 4, Chap. 65 of the Revised Statutes, p. 332. The replication avers, that the mother at the time of such application and appointment was and still is a married woman and "was not authorized to act as guardian" of such minor, and therefore not entitled to notice.

The words of the statute in clause 3d, Sec. 4, Chap. 65, are: "When a minor having a parent living, *who is authorized to act as his guardian,*" &c., *then* "previous to such appointment, the parent shall have notice of the application," &c.

*It is only in this particular case* that the parent is entitled to notice. The statute does not provide for notice in any other case.

2. The marriage of the mother had extinguished her authority as guardian. Sec. 2 and 20 of Chap. 65 of Rev. Stat., 1839. *Field et ux.* v. *Torrey,* 7 Vt. 372.

The replication avers that she was married and was not authorized to act as guardian.

3. The appointment of H. D. Farrar as guardian by the probate court, *though without* notice if required, is not void. He can act under it until his authority is revoked by the probate court. The irregularity cannot be taken advantage of by a plea in abatement.

Admit for the sake of argument, that notice to the parent was one of the requisite "regulations" mentioned in the first paragraph of Sec. 4th. The remedy for its omission is by application of the mother to the probate court to revoke the appointment and allow her a hearing. *Cleveland* v. *Hopkins,* 2 Aik. 394.

*H. M. Safford* and *H. R. Beardsley* for defendants.

The decision of the county court in this case was correct.

Farrar *v.* Olmstead and Wife.

The court of probate is a court of special and limited jurisdiction and derives all its authority from the statute. *Hendrick et ux.* v. *Cleveland*, 2 Vt. 329.

The minor was the owner of personal estate at the time of the application to, and appointment by the probate court of Harvey D. Farrar his guardian, and the mother of said minor was at the same time living within the State, and as a prerequisite to said appointment, due and reasonable notice should have been given to the parent of said minor of the application and an opportunity to make her objections. Chap. 69 Sec. 3 Compiled Statutes.

If the probate court appoint a guardian over a minor who owns estate, real or personal, and has a parent living within the State without such notice, such appointment is void. *Shumway et al.* v. *Shumway*, 2 Vt. 339.

The same doctrine is held in the case of *Chase* v. *Hathaway*, 14 Mass. 222.

The opinion of the court was delivered by

ISHAM, J. To this action in general assumpsit, the defendants have plead in abatement that Harvey D. Farrar was not a legal guardian of the minor James H. Farrar, and had no right to commence this action.

The question arising upon this demurrer, is upon the legality of the appointment of this guardian by the probate court, and whether notice of such application was necessary to be given *to the mother or parent* of the minor previous to the appointment of such guardian. The demurrer admits that no such notice was given.

The 2d Sec. of Chap. 69 of Comp. Statutes of 1850, page 406, provides that if the father of a minor child be dead, the mother remaining unmarried shall be the guardian of such child, for all purposes, until another shall be appointed.

The 58th Section, provides that the marriage of a female, who is a guardian, shall *extinguish her right and authority as such*, in which case another guardian may be appointed. The marriage, the moment it is consummated, takes away her authority to further act as such guardian. The minor, then, has no parent living *who is authorized* to act as his guardian.

The 4th Section of this act provides that when a minor has no parent living who is *authorized* to act as his guardian, on applica-

tion of such minor, or of any relative or friend, the probate court may appoint some suitable person to be his guardian. Under this provision of the statute, whenever the appointment of a guardian is made by the probate court, notice is not required to be given to any one—for the obvious reason that no adverse interest is involved in the adjudication, or concluded by the decree of the court. And we entertain no doubt but that the appointment of the guardian in this case falls within this provision of the statute, and that no notice was necessary to be given. The demurrer in this case admits the death of the minor's father, and the marriage of his mother, by which her right and authority to act as guardian is as effectually extinguished, as if the relation of parent and child did not exist. This right being taken away by statute, notice of the application for a guardian was not necessary, for the reason assigned. The mother had no adverse right involved in the adjudication, or which could be concluded by the decree of such court.

Under the 3d class of cases mentioned in the 4th Section of this act, notice is required to be given to the parent previous to such appointment. This case, we think, is unaffected by this provision of the statute. It is confined to cases *where the minor has a parent living who is authorized to act as his guardian.* In this case, if the mother of this minor had remained unmarried, she would be authorized by express provision of the statute to act as his guardian, and being authorized and having the right, she could not be deprived of the same by the appointment of another as guardian, without notice being given of such application, and her being found incompetent or unsuitable to discharge the duties and trust of that appointment. And wherever the action and decree of the probate court are necessary to deprive her of that right, notice must be given. But when she has extinguished that right and authority by her own act, in contracting a relation inconsistent with the duties of that appointment, the case then falls within the first class of cases mentioned in the 4th Section of the act, and no notice is necessary to be given previous to such appointment.

There is another difficulty in sustaining this plea in abatement. So long as the decree making that appointment remains unappealed from or unreversed, we must feel bound by the adjudication of that court.

The power of appointing guardians exclusively belongs to the probate court; no other court has concurrent jurisdiction with it. They have power also to vacate such appointments for any matters arising subsequent to the decree, and if there has been any error in their proceedings in making such appointment, it is one of the inherent powers of the court to revise and correct its own proceedings. It was so held in *Adams* v. *Adams*, 21 Vt. Rep. 167. But this must be on direct application to that court for that purpose, and from their decree appeals can be had to the appellate court. And it is the only proper way by which the validity of such decrees can be called into question. If the parents, relatives and friends, are satisfied with the decree and appointment, and take no steps for its reversal, certainly third persons cannot plead the matter in abatement of suits commenced, and in this collateral manner nullify the decrees of the probate court.

The result is that the judgment of the county court must be reversed, and the defendants must answer over.