CHANDLER KELLEY v. JAMES B. EDWARDS.

*Circuit Court Commissioner acting as Judge of Probate.*

A guardian may be appointed for a minor without notice, and if notice is given for a certain day, an appointment made on a previous day is not invalid.

Vacancies in the office of judge of probate are to be filled by the Governor's appointment (Const., Art. VI., § 14). A circuit court commissioner was authorized by the Revised Statutes of 1846 (Ch. 91, § 16) to act as judge of probate while the vacancy lasted. *Held* that the statute did not conflict with the constitution, and that it applied also to cases in which the judge was temporarily disqualified by interest, relationship, sickness or absence.

Error to Allegan. Submitted Jan. 10. Decided Jan. 22.

EJECTMENT. The facts are in the opinion.

*Jacob V. Rogers* for plaintiff in error.

*James B. Humphrey* and *W. B. Williams* for defendant in error.

GRAVES, J. The plaintiff brought ejectment and on trial of the case before the court without a jury, judgment was given for the defendant and the plaintiff brought error. Kelley claimed the land as original grantee and Edwards deduced title from a sale made during Kelley's minority by his father, who acted as his guardian.

The sale so made by the elder Kelley occurred on the 12th of February, 1855, and when the plaintiff was about ten years old, and this suit was commenced in August, 1875, at which time he was about thirty-one years old. The judge finds that some one holding under the title made by this sale has been in possession most of the time since 1856, and that from the spring of 1866 to the time of the trial a continuous occupation had been kept up by the defendant, the fore part of the period under

the holders of that title, and the latter part of it as grantee of it.

The only question of any importance in the case relates to particular proceedings in the court of probate.

The title being in the plaintiff and he being a minor under fourteen, his father made application in the court of probate for Allegan county, that being the county in which the land was situated, to be appointed guardian. This was on October 18th, 1854. The judge of probate had recently died and no successor had been elected or appointed, and Henry C. Stoughton, circuit court commissioner for the county, was performing the duties of judge of probate under § 16 of chapter 91 of the Revised Statutes of 1846, which was then in force. Mr. Stoughton entertained the application of the elder Kelley and ordered that a hearing should be had upon it on Saturday, November 26th, and directed publication of notice for three successive weeks previous to the day of hearing. The notice was published, but it happened that the 26th day of November was Sunday instead of Saturday, and in consequence of this mistake the matter was called up on Saturday, November 25th, and Mr. Stoughton still sitting in probate formally appointed and licensed the father of plaintiff as guardian and the latter entered immediately upon the trust. On the same day he applied for leave to sell the land in question and thereupon Mr. Stoughton, who was acting still, received the petition and ordered a hearing upon it on the 25th of the ensuing December. He also directed the giving of proper notice. But before the appointed time Mr. E. B. Bassett was duly commissioned as successor of the deceased judge and he at once superseded Mr. Stoughton. The remainder of the proceedings were under his administration of the office. He recognized what had been done as valid and regular and took up the business where Mr. Stoughton left it, and there is no objection worthy of notice to such of the proceedings as occurred after his accession. The circumstance that the appointment of

guardian was made on the 25th of November, when the order and notice named the 26th, is of no importance.

It was not essential to the validity of the proceeding to appoint guardian that a future day should be set for hearing or that notice should be published. It was within the power of the court of probate to grant letters at once, and when the direction for a hearing on the 26th of November was disregarded and an appointment was made on the day preceding the 26th, no error was committed.

The plaintiff urges that the provision in the Revised Statutes of 1846 under which Mr. Stoughton assumed to act and conduct the business of the probate court, was unconstitutional and void and consequently that the appointment of the elder Kelley and the order for hearing on the petition for leave to sell and the subsequent proceedings were all void.

This is supposed to be a necessary consequence of the force of the provisions of the constitution which prescribe the terms and mode of choosing the probate judge and ordain in what way vacancies must be filled. The provision concerning vacancies is the only one which can give any countenance to the position taken. It is § 14 of article VI., and reads as follows: "When a vacancy occurs in the office of judge of the supreme court, circuit or probate court, it shall be filled by appointment of the Governor, which shall continue until a successor is elected and qualified. When elected such successor shall hold his office the residue of the unexpired term."

It will be observed that this section makes provision for filling the office with some degree of permanency when there is a vacancy, but does not provide at all for those temporary emergencies which occur when the judge happens to be disqualified by interest or relationship or the like, or when he is sick or absent. The occasions are numerous when the service of a judge is indispensa-

ble and urgent and no vacancy exists, and yet he is either disqualified or so situated that he cannot act.

It is likewise manifest that many cases are likely to occur of actual vacancy by death, removal or resignation, and where it is in the highest degree important that some one shall be found authorized to step in and act without any delay until an appointment or election, in order to satisfy all necessary calls which may be made from day to day on the jurisdiction, and also to preserve unbroken the continuity of pending proceedings.

These emergencies were not, in my judgment, intended to be provided for directly by the constitution, but were left to be legitimately provided for by the wisdom of the legislature. This is a reasonable view,—one favorable to the public interest and in no manner inconsistent with the provision cited for filling vacancies, and it is not perceived that there was any thing to preclude the temporary imposition of the duties upon the circuit court commissioner. If this view is correct, the case is disposed of. The proceedings were initiated without any jurisdictional defect, and whatever faults there were, if any, were mere errors or irregularities which cannot prejudice the defense in this case, and the action was barred. Comp. L., §§ 4594, 4595, 4621.

It may be well to add that in taking this view of the case we do not intend it shall be implied that the objections to the defense might not receive a conclusive answer upon other grounds.

It has been deemed best under all the circumstances to meet the objection to the constitutionality of the provision in the Revised Statutes of 1846 directly, and to attempt no examination of the objections to the defense on a different theory.

The judgment should be affirmed with costs.

The other Justices concurred.