125  513
e143 407

[L. A. No. 456. Department One—July 31, 1899.]

J. M. ASHER, Administrator, etc., Respondent, v. VICENTE YORBA et al., Respondents. MARY A. FLINN, Appellant.

GUARDIAN AND WARD—APPOINTMENT OF GUARDIAN—NOTICE TO RELATIVES—POSTING—DISCRETION OF COURT.—Upon the appointment of the guardian of the estate of a minor, the court has discretion to determine the kind and character of the notice to be given to the relatives of the minor residing in the county, and may order such notice to be given by posting, without requiring personal service of citation upon them.

ID.—CUSTODY OF MINOR—NOTICE TO GUARDIAN.—If the one who applies to be appointed guardian of the minor's estate has the custody of the person of the minor, no notice is required to be given to him.

ID.—SUFFICIENCY OF POSTING — COLLATERAL ATTACK — SALE OF WARD'S ESTATE.—The fact that the affidavit of the posting of the notices required to be given of the hearing for the appointment of a guardian did not show when the notices were posted, in the absence of proof that the posting was not performed as required, will not sustain a collateral attack upon a judgment decreeing a sale of the ward's estate.

ID.—PRESUMPTIONS—JURISDICTIONAL FACTS—BURDEN OF PROOF.— The posting of the notice is presumed to have been done at the proper time and in the proper manner; and the order of sale is presumed to be valid. The absence of evidence of the jurisdictional facts may be taken as evidence of their existence; and the burden of proof is upon the one assailing their existence, to show the contrary.

ESTATES OF DECEASED PERSONS—DISTRIBUTION—NOTICE OF HEARING —JURISDICTION.—The statute does not require ten days' notice of the hearing of the final account and petition of an administrator for the distribution of the estate, but allows the court to direct what notice shall be given. Where the hearing was fixed

CXXV. CAL.—33

at such a date that a ten days' posting was impossible, and the notice was posted every day prior to the hearing, the court had jurisdiction, at the date fixed, to settle the account and render the decree of distribution.

APPEAL from an interlocutory decree of the Superior Court of Orange County. J. W. Ballard, Judge.

The facts are stated in the opinion of the court.

Withington & Carter, for Appellant.

McKelvey & Bowes, Charles S. McKelvey, and O. A. Trippett, for Plaintiff Respondent.

R. Y. Williams, for Vicente Yorba and Frederico Botiller, Defendants Respondents.

GAROUTTE, J.—This appeal is by Mary A. Flinn from an interlocutory decree in partition. She claims as the successor in interest of Felipe Ames. To support her claim she insists: 1. That a certain sale of real estate by the guardian of Felipe Ames, minor, was void; and, 2. That a decree of distribution rendered in the administration of the estate of the mother of Felipe Ames was also void.

It is insisted that the guardian of Felipe Ames was appointed without any notice as required by statute, and therefore his appointment was void, and his acts in making the sale were also void for that reason. The statute as to the appointment of guardians, among other matters, provides: "Before making such appointment the court must cause such notice as such court deems reasonable to be given to any person having the care of said minor, and to such relatives of the minor residing in the county as the court may deem proper." Upon the filing of the petition for the appointment of a guardian the judge made an order that he deemed a ten days' notice by posting in three public places in the county would be a reasonable notice. Thereafter the clerk, as appears by his affidavit attached to a copy of the notice, posted a notice of the hearing for December 18th, in three public places in the county (naming the places). The notice is dated December 8th, and the affidavit fails to state the particular day when the notice was posted.

It is claimed that under the section of law quoted, notice of the hearing must be personally served by citation upon the relatives of the minor residing in the county. We fail to see that the statute makes such a demand. The statute does demand that the relatives living in the county, if the court deem proper, must be given such notice as the court deems reasonable. If the court deems a notice for ten days, by posting in three public places, a reasonable notice to them, it would seem within the power of the court to so declare. The statute clearly implies that the kind or character of the notice to be given is a matter for the judge to determine, and that a personal notice is not absolutely demanded by the provision quoted. *Burroughs v. De Couts,* 70 Cal. 373, was decided at a time when the statute as to notice was similar to that now found on the statute books. In that case it is said: "The manner in which the notice shall be given to the relatives of the minor residing in the county is left to the judgment and reasonable discretion of the probate judge." (Citing *Gronfier v. Puymirol,* 19 Cal. 629.) In the case cited it was decided that a publication in a newspaper for five days was a sufficient notice under a statute allowing the judge to fix the manner of the notice.

Aside from these facts, upon a careful reading of the statute, it will be found that it is a matter of discretion upon the part of the court to give any notice whatever to the relatives residing in the county. The statute says the notice is to be given to those relatives of the minor residing in the county, "as the court may deem proper." It will be borne in mind that in this case the father had the custody of the child and asked to be appointed guardian of her estate. Necessarily a notice to him was not required. (*Smith v. Biscailuz,* 83 Cal. 353.)

Many technical objections are made to the validity of the appointment of the guardian; as, for example, that the affidavit of posting does not show when the notices of the hearing were posted. It must be borne in mind that this appellant is here making a collateral attack upon a judgment decreeing a sale of the minor's land, and, consequently, all the rules of law hedging about the validity of such decrees are to be invoked against her. The order of sale in this case is presumed to have been a valid one. It behooves her to show to the contrary.

The burden is upon her to show a void sale. The absence of evidence in this record showing the jurisdictional facts may be taken as evidence against her. If the posting of these notices was not performed according to the requirements of the statute, it was for her to show that fact. If the evidence does not show how it was done, and when it was done, it will be presumed that it was done in the proper manner and at the proper time. Of course, we are not even intimating that appellant would be allowed to go outside of the record of the proceedings and by extrinsic evidence attack the validity of the guardian's sale.

It is claimed that the decree of distribution in the estate of Christina Ames, deceased, mother of Felipe Ames, predecessor in interest of this appellant, is void by reason of a want of notice of the hearing at the time the decree was made. Upon January 2, 1890, the final account and petition for distribution in the estate were filed, and the court fixed the eleventh day of January as the time for hearing the account and petition, and ordered ten days' notice of the hearing to be given by posting. Section 1634 of the Code of Civil Procedure provides that "notice of the hearing must be given by posting or publication, as the court may direct, and for such time as may be ordered." Here it was impossible to post the notice of the hearing for ten days, for only nine days intervened prior to the date set for the hearing. But in view of the fact that the statute does not require ten days' notice, and that it rests solely with the court to fix the day for hearing and the time of notice to be given, we see nothing here which renders the decree of distribution void. The date set for the hearing must control when an inconsistency is presented such as we see before us; and, if this notice were posted for every day prior to the time of hearing there was no lack of jurisdiction in the court to make the decree.

For the foregoing reasons the judgment is affirmed.

Harrison, J., and Van Dyke, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.