## ROSS et al. v. GROOM et al.

No. 14005—Opinion Filed July 24, 1923.

(Syllabus.)

**1. Guardian and Ward—Appointment of Stranger as Guardian—Validity on Collateral Attack.**

The appointment of a stranger as guardian of a minor under the age of 14 years upon petition which recites that the minor is living with her father and mother in the county where the appointment is made, and where no allegation is made in the petition as to the unfitness of the parents to act as guardian, and where the order appointing the guardian does not recite that the parents are unsuitable or unfit for the guardianship, will not be held void on a collateral attack.

**2. Same—Notice to Relatives or Custodians of Minor—Necessity.**

Section 1431, Comp. Stat. 1921, prescribes the only notice required to be given of the hearing on the application for appointment as guardian, and under our statute personal notice on the relatives of the minor residing in the county, or persons having the care of the minor, is not required, but only such notice as the county judge deems reasonable.

**3. Guardian and Ward—Hearing on Petition to Sell Real Estate—Service of Notice—Statutes.**

Service of notice of hearing on petition to sell real estate in this case was controlled by the provisions of chapter 65, Session Laws 1910, instead of section 6559, Rev. Laws 1910, as section 6559, Rev. Laws 1910, did not become effective until May 16, 1913.

**4. Same—Validity of Sale—Irregularities in Appraisement—Collateral Attack.**

Where a guardian sells lands of his ward at private sale and appraisement is made and filed, irregularities in the appraisement do not render the sale void and cannot be questioned in a collateral proceeding.

**5. Same—Fraud Invalidating Sale.**

In a suit of equity, where it is sought to invalidate a guardian sale for fraud, only fraud extrinsic to the matters determined in the county court may be considered.

**6. Same — Burden of Proof — Bona Fide Purchasers.**

Where the answer of the defendant pleads extrinsic fraud, the burden of proof is upon the plaintiff to allege and prove that the purchaser at the guardian sale was a a bona fide purchaser for value and without notice of fraud, or that the subsequent purchasers were bona fide purchasers for value and without notice of fraud.

Error from Superior Court, Creek County; Gaylord R. Wilcox, Judge.

Action by Walter W. Groom and A. H. Davidson against Wayne M. Ross and others to quiet title. Judgment for plaintiffs, and defendants bring error. Reversed and remanded, with directions.

Freeling, Hood & Howard, Chas. G. Watts, and Jno. Q. Adams, for plaintiffs in error.

Thrift & Davenport and Pounders & Pardoe, for defendants in error.

COCHRAN, J. This action was commenced in the superior court of Creek county by the defendants in error to quiet their title to certain land located in Creek county, a part of the allotment of Castella Luckey, a Creek freedman. The defendants in error asserted title to the property under a deed executed by P. B. J. Hudson, as guardian of Castella Luckey, under date of February 26, 1912, and subsequent conveyances from Alice Wilson to the defendants in error. The plaintiffs in error filed an answer and cross-petition in which the plaintiffs in error, Wayne M. Ross and Charles W. Hardy asserted an interest in said property under a deed executed by Castella Luckey, on October 22, 1921, and alleging that the deed executed to Alice Wilson was void because of irregularities in the appointment of the guardian, and in the sale of the land, and also alleging that the guardian was guilty of fraud in procuring his appointment and in making the sale. The parties will hereinafter be referred to as plaintiffs and defendants, as they appeared in the trial court.

Upon motion of the plaintiffs, that portion of the answer and cross-petition of the defendants alleging the invalidity of the guardian's deed to Alice Wilson was stricken. The case then proceeded to trial, and judgment was rendered for the plaintiffs, and defendants have appealed, and complain of the action of the trial court in striking the above-mentioned portion of their answer and cross-petition.

Defendants contend that the sale is void because the appointment of Hudson as guardian of Castella Luckey was void. The petition for the appointment of Hudson as guardian was filed on May 13, 1910, and among other things recited that the next of kin and persons having the care of Castella Luckey were Frank Luckey, father, and Jane Luckey, mother, whose post-office address was Wagoner, Okla. The defendants rely upon section 5530, Rev. Laws 1910, which provides as follows·

"The father of a minor, if living, and in case of his decease, the mother, while she remains unmarried, being themselves respectively competent to transact their own business, and not otherwise unsuitable, must be entitled to the guardianship of the minor"

—and insist that, since the petition shows on its face that Hudson was not related to the minor and that the minor was in the care and custody of her father and mother, the county court had no jurisdiction to appoint Hudson as guardian, in the absence of a finding of unfitness or disqualification of the parents to act as guardian. This question was before this court in Tucker v. Leonard, 76 Okla. 16, 183 Pac. 907. In that case, a stranger was appointed guardian on a petition alleging that the minor was in the care and custody of her mother, the father being dead, and no allegation being made in the petition that the mother was disqualified or incompetent to act as guardian, and no specific finding of unfitness or disqualification appearing in the order of the court appointing a guardian. A portion of the syllabus is as follows:

"Orders and decrees made by the county court need not recite the existence of facts upon which the jurisdiction of the court may depend, and when the court appointed a stranger to the exclusion of the mother, a single woman, as guardian of a minor under the age of 14 years, the irregularity, if any, of such appointment cannot be shown upon collateral attack"

—and in the body of the opinion, after quoting the statute which the defendants rely upon to show that the parents were entitled to the appointment, it is said:

"All the questions raised by the plaintiff were matters before the court, and we are to presume that the court had before him the statutes above quoted. As to whether or not the mother was a fit and proper person, and qualified to be appointed guardian, or as to whether or not she had notice of the application of the defendant to be appointed guardian, were matters within the jurisdiction of the court. * * * The county court of Wagoner county having jurisdic-

tion over the subject-matter and the parties, and being a court of record, its orders and judgments should be accorded like force, effect, and legal presumptions as the judgments and decrees of other courts of general jurisdiction."

The defendants next contend that the appointment of Hudson as guardian was void because notice of the application for appointment not personally served on the parents of the minor. As far as the record is concerned, it does not appear whether the parents filed a waiver of notice of the hearing. neither does the order of the county court fixing the date of the hearing on the petition for appointment and the notice which he deemed necessary to be given thereon appear in the record. The defendants attached to their answer a copy of a notice of hearing on the application which was published in a weekly newspaper for two consecutive weeks, and also attached the order appointing the guardian, which recited that notice had been given by publication for two consecutive weeks. In the absence of a statutory provision requiring notice to be given of the appointment of a guardian, for appointment can be made without notice. Murphree v. Hanson (Ala.) 72 South. 437; Mahan v. Steele (Ky.) 58 S. W. 446; Kelly v. Edwards, 38 Mich. 210; State v. Bazille (Minn.) 84 N. W. 120; Morehouse v. Cooke, Hopk. 228; Farrar v. Olmstead, 24 Vt. 123; Appeal of Gibson (Mass.) 28 N. E. 296; Hanly v. Russell, 63 N. H. 614. We must, therefore, look to the statute of this state for the purpose of determining what notice is required to be given for the appointment of a guardian. Section 1431, Comp. Stat. 1921, provides:

"Before making the appointment the judge must cause such notice as he deems reasonable to be given to the relatives. of the minor residing in the county, and to any person having care of such minor."

The defendants earnestly insist that this statute contemplates personal service of notice on the relatives of the minor residing in the county and persons having the care of the minor. The case of Wortham v. John, 22 Okla. 562, 98 Pac. 347, is not controlling in this case, for the reason that the court in that case was dealing with section 2373 of the Indian Territory Statutes, which did not provide for such notice to be given as the court deemed reasonable, but provided that the court should issue a notice to the parent to appear before it at a stated time. The statute which controls the instant case is identical with the California statute, and this statute has received consideration by courts of this state in numerous decisions,

and there is no reason why the same should not be followed by this court, especially in view of the fact that probate sales in this state since statehood have been made according to the interpretation placed on this statute by the California court. In Asher v. Yorba (Cal.) 58 Pac. 137, notice of the hearing on the application for appointment of guardian was given by posting notices in three public places for ten days, and in holding that this notice was a sufficient compliance with the statute, the court said:

"It is claimed that, under the section of law quoted, notice of the hearing must be personally served by citation upon the relatives of the minor residing in the county. We fail to see that the statute makes such a demand. The statute does demand that the relatives living in the county, if the court deem proper, must be given such notice as the court deems reasonable. If the court deems a notice for 10 days, by posting in three public places, a reasonable notice to them, it would seem within the power of the court to so declare. The statute clearly implies that the kind or character of the notice to be given is a matter for the judge to determine, and that a personal notice is not absolutely demanded by the provision quoted."

In Borroughs v. DeCouts (Cal.) 11 Pac. 739, it is said:

"The manner in which the notice shall be given to the relatives of the minor residing in the county is left to the judgment and reasonable discretion of the probate judge."

In re Lundberg (Cal.) 77 Pac. 156, the court said:

"So far as the provisions of the statute relative to the appointment of guardians is concerned, it must be conceded, we are satisfied, that notice to a parent of the minor is not in all cases essential to the jurisdiction of the court to appoint a guardian; and this for the simple reason that the statute does not require that such notice must in all cases be given to a parent. Undoubtedly a parent should be notified, where possible, of proceedings the effect of which may be to terminate his parental authority; and undoubtedly, where such notice is not required to be given, a parent would be entitled, upon seasonable application, to be heard upon the question as to whether the appointment of another as the guardian of his child, without his knowledge, should not be set aside, that he might be heard upon the question of the necessity of appointing such other as guardian."

Further in the opinion, we find the following language:

"Under this provision of the statute, no notice to relatives of the minor residing without the county is essential to the juris-

diction of the court; and it is further settled that, as to relatives residing within the county, it is for the superior court, in its discretion, to determine what relatives shall be notified and how they shall be notified."

In Crosbie v. Brewer, 68 Okla. 16, 158 Pac. 388, this court said:

"Plaintiffs next contend that section 6522, Revised Laws 1910, requires written personal notice to be given to the relatives in the county. That part of the statute referred to reads as follows: 'Such appointment may be made on the petition of a relative or other person in behalf of such minor. Before making the appointment the judge must cause such notice as he deems reasonable to be given to the relatives of the minor. Before making the appointment the person having care of such minor.' In the case at bar the court caused three written notices to be posted up in three public places in the county, and plaintiffs argue that this was only constructive notice and was not the notice intended by the above statute. It seems it was the intention of the law to leave the nature of the notice to the discretion of the county judge, and the only notice required to be given was one deemed reasonable by the judge."

In re Morhoff's Guardianship (Cal.) 178 Pac. 294, the following language is used in the syllabus:

"Father was not entitled to formal notice of proceeding for appointment of general guardian of minor daughter; such notice not being jurisdictional prerequisite to court's action, under Code Civ. Proc., sec. 1747."

In re Lundberg, supra, it is said:

"We have found no case in which it was held that an appointment of a guardian of the person of a minor, made in accordance with all statutory requirements, was void for want of actual notice to a parent, and open to collateral attack."

It seems to us that according to the plain language of the statute the only notice required to be given is such as the county judge deems reasonable.

It is next contended by the defendants that the guardian sale was void because the notice of the hearing on the application to sell the real estate was not in compliance with the law. The order of sale required that a copy of the order giving the date for hearing petition to sell be published for three consecutive weeks in the Wagoner County Record, of Wagoner, Okla., and that copy of the order be posted in three of the most public places in Wagoner county, Okla., and by mailing copies to the next of kin of said ward and to all persons interested in the estate of said ward as required by law.

and defendants insist that this notice is defective because the same is not in compliance with section 6559, Rev. Laws 1910, which requires that copies of the order should be posted in three public places in the county, and personally served on the next of kin of the ward and all other persons interested in the estate of the ward residing in the county. Section 6559, Rev. Laws 1910, relied upon by the defendants, did not become the law until May 16, 1913. The law applicable to this case is found in Session Laws 1910, page 117, and was strictly complied with.

It is next contended that the sale was void because there was no appraisement of the real estate, which was sold by the guardian at private sale. The lands in controversy are located in Creek county, and the lands in Creek county were the only lands described in the petition to sell, which was filed on September 9, 1911, and in the decree of sale entered on December 1, 1911. On December 2, 1911, the county judge appointed three appraisers, and in the order the following language is used:

"They are hereby appointed appraisers of the estate of Castella Luckey, a minor, within the county of Wagoner, in said state, and are hereby directed to view and appraise said estate and make return of said appraisement as provided by law."

On December 30, 1911, the appraisers filed an appraisement of the lands described in the decree of sale and which are involved in this suit, said lands being located in Creek county. The defendants contend that, since the order appointing the appraisers specified that they were appointed to appraise the lands of the minor in Wagoner county, the appraisement made and filed by them, covering lands in Creek county was a nullity, and that there was no appraisement of the lands in Creek county.

It also appears that the appraisement is dated December 22, 1911, and the oath of the appraisers was signed on December 30, 1911, and the appraisement was filed on December 30, 1911. Defendants contend that this shows that the appraisement was made before the appraisers were sworn. The question of the regularity and sufficiency of the appraisement in this case was a proper matter for a determination by the court at the time of the confirmation of the sale. and, the sale having been confirmed, the irregularities complained of are not subject to attack in a collateral proceeding. The appraisement was actually made and filed. and as to whether the appraisers exceeded their authority or whether the appraisement

was properly made were proper questions for the county court to determine. Welch v. Focht, 67 Okla. 275, 171 Pac. 730; Baker v. Vadder, 83 Okla. 140, 200 Pac. 994; Smith v. Biscailuz (Cal.) 21 Pac. 15; Beachy v. Shomber (Kan.) 84 Pac. 547. In Noland v. Barrett (Mo.) 26 S. W. 692, the court said:

"Irregularities in the appraisement have not heretofore been considered by this court sufficient to invalidate the sale of an administrator or curator. * * * But, even if the appraisement be conceded to be irregular, the subsequent confirmation of the report, in which that appraisement was specifically called to the attention of the probate court, and of all parties interested in said lands, cured the irregularity. The order of approval was a final judgment, from which an appeal could have been taken, and was the judgment of a court having jurisdiction of the cause and over the parties, and is entitled, in this collateral proceeding, to the same favorable presumptions and intendments of circuit courts, and no more open to collateral attack."

It is next contended that the court erred in striking the allegations of the answer and cross-petition in which it was alleged that the guardian fraudulently procured his appointment and fraudulently made the sale. Plaintiffs insist that the allegations of fraud contained in the answer of defendants were not allegations of extrinsic fraud, and were therefore insufficient. This court has repeatedly announced that only fraud aliunde or extrinsic to the matters actually determined by the county court may be urged to invalidate a sale in a proceeding of this kind, and it is necessary for us to examine the answer to ascertain whether there are sufficient allegations of extrinsic fraud to render the answer good as against the motion to strike. The answer contained numerous allegations which defendants insist constituted fraud, and among those allegations we find the following, viz.: That the guardian concealed from the parents of the minor the fact that he had been appointed guardian and that a petition for the appointment of guardian had been filed, and, although the record shows that notice of the hearing on the application to sell the land was mailed to the parents, that both parents were entirely ignorant of such application and the filing of the same was concealed from the parents, and that the guardian conspired with the appraisers to the end that the appraisers would not actually view and appraise the land and would not fix the value of the same according to the appraisement, but would permit the value to be fixed by the guardian. We are of the opinion that these were sufficient allegations of extrinsic fraud as against a motion to strike, although the acts of extrinsic fraud should have been more definitely pleaded. The above are the only allegations of the answer which can, in any manner, be held to sufficiently allege extrinsic fraud. These allegations of fraud being sufficient, it was error for the court to strike the same, as the burden was upon the plaintiffs to plead and prove that the purchaser at the guardian's sale was a bona fide purchaser for value and without notice, or that the subsequent purchasers from her were bona fide purchasers for value and without notice of the fraud. McIntosh v. Holtgrave, 79 Okla. 63, 191 Pac. 739. Even though the guardian had been guilty of fraud, if the purchaser at the sale was a bona fide purchaser for value and without notice of the fraud, or if the subsequent purchasers were bona fide purchasers for value and without notice, the sale cannot be invalidated because of the alleged fraud. Scott v. Abraham, 60 Okla. 10, 159 Pac. 270; Tucker v. Leonard, supra.

For the reasons stated, the judgment of the trial court is reversed, and cause remanded, with directions to grant a new trial.

JOHNSON, C. J., and McNEILL, KENNAMER, NICHOLSON, and HARRISON, JJ., concur.

BRANSON, J., concurs in conclusion, but dissents from law announced in Syllabus 2.