## HARTSOG et al. v. BARRY et al.

No. 12183—Opinion Filed Oct. 9, 1923.

(Syllabus.)

1. **Judgment — Vacation — Fraud — Perjured Testimony.**

A court of equity will not set aside a judgment on the ground that judgment was procured by false testimony of the prevailing party on material questions which were at issue in said cause and were tried and determined by the trial court, except where the false and perjured testimony concerns some extraneous fraud practiced by the prevailing party.

2. **Same — Insufficiency of Petition.**

Petition examined, and held, not to contain sufficient allegations of fraud to entitle plaintiffs to equitable relief.

Error from District Court, Noble County; Arthur R. Swank, Judge.

Action by Clara F. Hartsog and another against O. B. Barry et al. Judgment for defendants, and plaintiffs bring error. Affirmed.

W. R. Withington, for plaintiffs in error.

Harris, Spielman & Harris, for defendants in error.

COCHRAN, J. This action was commenced by the plaintiffs in error against the defendants in error for the purpose of setting aside a judgment of the district court of Noble county, adjudging the defendants in error to be the owners of certain land in that county. The petition alleged that the judgment of the court had been procured through false and perjured testimony by the prevailing party on material questions. The matters about which the false and perjured testimony was introduced were matters which were in issue in said cause and were tried and determined by the court and there were no allegations of extraneous fraud practiced by the prevailing party. The judgment was rendered on the pleadings and the judgment so rendered was in accordance with the views expressed by this court in a number of cases, the last pronouncement being the case of Clinton v. Miller, 96 Okla. —, 216 Pac. 135.

The judgment of the trial court is affirmed.

JOHNSON, C. J.. and McNEILL, KENNA- MER, and MASON, JJ.. concur.