### CRABTREE v. BATH et al.

No. 12812—Opinion Filed April 22, 1924.

(Syllabus.)

**1. Guardian and Ward—Notice of Appointment—Sufficiency.**

Section 1431, Compiled Statutes of Oklahoma for 1921, provides for the appointment ⌐f guardians for minors and their ₎estates, ₍nd prescribes the notice to be given of hearing the application for the appointment ⌐f guardian, and under said section personal ₍otice on the relatives of the minor residing ₍n the county, or persons having the care ⌐f the minor, is not required; the statute ₍ot specifically providing therefor, but providing only for such notice as the county ₍ud₁ge deems reasonable.

**2. Courts—County Courts—Probate Jurisdiction—Force of Judgment.**

The county courts of this state are courts ⌐f record, and have original general juris₍ic₁ion in probate matters. The orders and judgments of such courts, when acting within ₍l. ₍r ₍urisdiction, are entitled to the same force ₍ ₁ effect as are accorded other courts of general jurisdiction.

**3. Guardian and Ward—Sale of Land—Validity.**

The petition and the order of sale in the ins₁ant case having been examined, held, ₍ ₁t under the authority of the case of Welch ₍. ₁ocht et al, 67 Okla. 275, 171 Pac. 730, the same were sufficient as against the allegations of the petition of the plaintiff herein.

**4. Same—Fraud by Guardian—Innocent Purchasers.**

A purchaser at a guardian's sale, if the proceedings relating thereto are regular on their face, may not be ousted of his title by reason of fraud of the guardian inducing such sale, where the purchaser did not have knowledge or participation in such fraud.

**5. Same—Attack for Fraud—Requisite Allegations.**

The proceedings of the county court being re₁ular on their face, the attack made upon ₁.e same for fraud is insufficient as against

a demurrer, unless the petition affirmatively shows that the fraud complained of is extrinsic to the matters determined in the county court.

**6. Same—Judgment Sustained.**

Record examined, and held, that the judgment of the trial court sustaining the demurrer to plaintiff's petition, should be sustained.

Error from District Court, Creek County; Mark L. Bozarth, Judge.

Action by Della May Crabtree against Charles Bath and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Bruce & Brewer, for plaintiff in error.

Hagan & Gavin, Benjamin C. Conner, and Cheatham & Beaver, for defendants in error.

BRANSON, J. The plaintiff in error, Della May Crabtree, prosecutes this appeal from the district court of Creek county, Okla., to reverse a judgment rendered against her in favor of the defendants in error, Charles Bath, M. N. Baken, J. L. McMahon, D. F. McMahon, John F. Hayden, and the First State Bank of Bristow. The plaintiff in error was the plaintiff below, and the defendants in error were the defendants below. Parties will be referred to as they appeared in the district court.

The plaintiff is a citizen of the Creek Nation, and as such was allotted the northeast quarter of section 11, township 17 north, range 8 east, Creek county, Okla. She was a freedman citizen of said Indian Tribe, and was a resident of McIntosh county, Okla., in the years 1909-10, in the custody of Betty Tucker. In the year 1909, William Hunter was appointed guardian of the plaintiff by an order and judgment of the county court of McIntosh county, and sometime after his appointment as guardian a petition was filed in said court for an order authorizing the sale of the land described, supra. The prayer of the petition was granted, and the interest of the defendants grew out of the

purchase of said land, or is traceable to the purchase of said land at the guardianship sale held in pursuance of said order. On arriving at her majority, the plaintiff instituted this suit, primarily to vacate and set aside the guardian's deed, conveying said real estate, and incidentally for the possession of the premises held adversely by or for the defendants or some one of them.

Attached to the petition appear certain exhibits, among them being the patent issued in the name of the plaintiff to the land in question, the petition for appointment of guardian, the order setting said petition for hearing 10 days after the filing of the petition, and the entry of the order setting the same for hearing and directing that notice of the hearing of the petition be given by posting in three public and conspicuous places for ten days; the notice so posted, the order appointing guardian, the petition for the sale of real estate for hearing, and directing that it be published for three successive weeks in the Eufaula Indian Journal, the order authorizing the sale to be made by the guardian, the appraisement and order appointing appraisers, etc.

The defendants filed demurrer to the petition of the plaintiff, which incorporated the said exhibits, and pleaded the confirmatory order of the court, and the issuance of the guardian's deed in pursuance thereof, which demurrer was by a judgment entered on the 16th day of May, 1921, sustained by the trial court, for the reason that plaintiff failed to plead a cause of action. Plaintiff elected to stand upon the petition, and the judgment was thereupon entered dismissing plaintiff's petition, and for costs.

The petition in error filed herein complains that the trial court erred in sustaining the demurrer filed by the defendants. Plaintiff epitomizes in her brief the grounds of relief, more elaborately pleaded in the petition, as—

First. The county court of McIntosh county acquired no jurisdiction to appoint William Hunter guardian, for that the only notice given was by posting in three public places.

Second. That the county court acquired no jurisdiction to hear the petition for the sale of the real estate on account of the failure of proper allegations of grounds of sale in petition, as prescribed by the statute, and was therefore without authority to enter the decree of sale.

Third. That the sale was consummated through fraud and false representations made by the said guardian to the county court.

Fourth. There was a false and fraudulent appraisement filed in the county court of the value of the land.

We shall briefly consider each of these epitomized contentions in the light of the argument made by the plaintiff in error's counsel in the brief.

As to the first one, the plaintiff says that the posted notice was insufficient to confer jurisdiction on the court to enter the judgment appointing Hunter as guardian. This draws in question section 1431, Compiled Statutes of Okla. 1921, which provides, in part:

"Before making the appointment, the judge must cause such notice as he deems reasonable, to be given to the relatives of the minor residing in the county, and to any person having the care of such minor."

We think that this contention is not a new question, but is disposed of in the case of Asher v. Yorba, 125 Cal. 513, 58 Pac. 137, where, under the same kind of statute, the court said:

"The kind or character of the notice to be given is a matter for the judge to determine, and where personal notice is not absolutely required, a notice by posting is sufficient."

In the case of Ross v. Groom, being case No. 14505 on the docket of this court, 90 Okla. 270, 217 Pac. 480, in construing this same statute, this court said:

"***Under our statute, personal notice to the relatives of the minor residing in the county or having custody of the minor is not required, but only such notice as the county judge deems reasonable."

The notice having been given by posting, in accordance with the direction and order of the county judge, and the county court being a court of general jurisdiction in probate matters, we think, under the above construction of the statute, in the light of the principle laid down in the case of Wolf v. Gills, 96 Okla. 6, 219 Pac. 350, that the allegations of the petition on this ground did not state a cause of action, and the demurrer was properly sustained.

The second contention, more elaborately pleaded in the petition, goes to the failure of the petition to specifically plead some one of the grounds for the sale of minor's real estate as set out in the statute providing for such sales. The case of Welch v. Focht, 67 Okla. 275, 171 Pac. 730, precludes the contention made as to this allegation. An examination in the instant case of the petition and the order of sale, as incorporated in the record, discloses that they are practically identical, the petition in the Welch

Case omitting to set up specifically some one or all of the statutory grounds, the order of sale, however, reciting that it was necessary for the support, maintenance, and education of the ward, and this is the status of the petition and the order of sale in the case at bar. On the authority of that case, the sustaining of the demurrer on this part of the petition cannot be held erroneous.

The third ground for alleged relief, as epitomized supra, is an allegation that the sale was consummated through false and fraudulent representations. no specific allegation of fraud being found in the petition. As set out above, the county courts, under the Constitution and laws of this state, are courts of record, and have original general jurisdiction in all matters touching the administration of estates of deceased persons, and the estates of minors and incompetents. When within their jurisdiction, their judgments are entitled to the same presumptions as are universally accorded other courts of general jurisdiction. There is no allegation in the petition specifying what acts constitute a fraud, and certainly none that the purchaser at the guardianship sale was a party thereto. In the case of Bowling v. Merry, 91 Okla. 176, 217 Pac. 404, this court said, among other things:

"A purchaser at a guardian's sale, if the proceedings relating thereto are regular on their face, may not be ousted of his title, by reason of fraud of the guardian inducing such sale, where the purchaser did not have knowledge or participate in such fraud."

And since fraud cannot be presumed, but must be alleged, and proven to authorize the recovery, this part of the petition failed to state a cause of action.

In addition to the reason just given, this court, as stated above, has more than once held that the orders and judgments of the county court, in the exercise of probate jurisdiction, are on the same footing as judgments of the district court. Berry v. Tolleson, 68 Okla. 158, 172 Pac. 630; Vinson v. Cook, 76 Okla. 46, 184 Pac. 97. And this being true, there is nothing in the allegations of fraud, which are made in general terms, to show otherwise than that the alleged fraud, if any there was, was inherent in the record, and in the issues to be presented and tried before the court, and not extrinsic thereto, and therefore, under the authority of Hartzog v. Barry, 95 Okla. 274, 219 Pac. 94, No. 12133 on the docket of this court, rendered October 9, 1923, and cases there cited, there was nothing pleaded in the petition on which the allegation that the sustaining of the demurrer was erroneous can be successfully sustained.

The next and last allegation of the petition, as plaintiff epitomizes, goes to the inadequate appraisement, or that the sum at which the land was appraised was false and fraudulent, and by reason thereof the sale was consummated for a sum grossly inadequate. The petition nowhere alleges that the purchaser at the guardianship sale was a party to any such alleged fraudulent appraisement of the land, or that he was a party to any agreement or conspiracy to have the land fraudulently appraised at a value grossly less than the real value of the land itself, and for the reasons set out in the case of Ross v. Groom, supra, and the authorities therein cited, we think the allegation that the sustaining of the demurrer was erroneous cannot be maintained.

Viewing the case as a whole, we think that the plaintiff failed to plead a state of facts which warrant a recovery in the action, and that the judgment sustaining the demurrer thereto should be affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, COCHRAN, HARRISON, and WARREN, JJ., concur.