Note.—See under (1) 39 Cyc. pp. 191, 192, 193; anno. 23 A. L. R. p. 1500; 26 R. C. L. pp. 1203, 1204; 5 R. C. L. Supp. pp. 1445, 1446. (2) 39 Cyc. p. 193. (3) 39 Cyc. p. 129; 26 R. C. L. pp. 1219-1222; 4 R. C. L. Supp. p. 1702. (4) 33 C. J. p. 842, §2; 18 A. L. R. 484; 15 R. C. L. p. 500; 3 R. C. L. Supp. p. 461; 4 R. C. L. Supp. p. 998; 5 R. C. L. Supp. 841.

## MYERS v. HARNESS.

No. 12562—Opinion Filed May 12, 1925.

Rehearing Denied March 23, 1926.

1. **Guardian and Ward — Appointment of Stranger as Guardian — Necessity for Notice to Mother of Ward.**

Under the provisions of section 1431. Comp. Stat. 1921, and the allegations of the petition in the instant case, it was essential that the mother of the minor child should have notice of the application of a stranger to be appointed guardian of such minor child before the court could acquire jurisdiction.

2. **Same—Action to Set Aside Guardian Sale for Fraud—Sufficiency of Petition.**

Where the allegations of the petition state facts sufficient to show fraud as a matter of law, or where the allegations of

the petition state facts sufficient to justify the inference of fraud therefrom in equity, a demurrer to such petition should be overruled if the allegations of the petition state a cause of action generally, because upon a demurrer to the petition the demurrant admits all facts well pleaded in the petition and all inferences which may be reasonably drawn therefrom.

3. **Vendor and Purchaser — Fraud — Bona Fide Purchase—Burden of Proof.**

Purchasers of land which has been fraudulently transferred to their grantor must establish the good faith of their purchase, and it cannot be presumed.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division. No. 5.

Error from District Court. Creek County; Lucien B. Wright, Judge.

Action by Ada Myers against L. R. Kershaw and John R. Harness. From judgment of the court sustaining the demurrer of defendant John R. Harness, plaintiff appeals. Reversed, with directions.

Bruce & Brewer. for plaintiff in error.

George L. Burke and R. L. Suddath, for defendant in error.

Opinion by PINKHAM, C. This action was instituted by Ada Myers, plaintiff in error, plaintiff below, against L. R. Kershaw and John R. Harness, as defendants, to recover possession of and quiet the title to certain real property situated in Creek county, decribed as the southwest quarter of section 11, township 18 north, range 10 east, containing 160 acres.

It was alleged in the amended petition, among other things. that Ada Myers is a new-born Creek freedman, enrolled as such, and as such citizen she received the said land as her allotment; that during the period between the 16th day of April, 1909, and the 7th day of May, 1913, she was a minor, residing with her mother, Ellen Smith, and her stepfather, Isaac Smith, at Boynton, Okla.. who had the care and custody of said minor, and that on or about the 31st day of March, 1909, one B. F. Westlake filed, in the county court of Muskogee county, a petition to have himself appointed guardian of the said Ada Myers, a minor; that the said B. F. Westlake was not related to the said Ada Myers, nor otherwise interested in her estate; that in pursuance of said petition the said Westlake purported to have been appointed guardian of the estate of Ada Myers; that on the 1st day of February, 1910, the said guardian filed a petition for the sale of said land, and in pursuance thereof. all of said land was

purported to have been sold and conveyed to L. R. Kershaw, who thereafter conveyed to the defendant in error John R. Harness.

The amended petition alleged that the land involved in this action was the allotment of the plaintiff, and that she had not sold nor conveyed the same; that there had not been a valid sale of said land; that she was the owner in fee simple and entitled to the immediate possession thereof, and that the defendants claim some interest therein, the nature of which was unknown to the plaintiff, but she was informed that defendants claim some interest by virtue of a certain guardian's deed made in pursuance of a purported guardian sale in the county court of Muskogee county.

Copies of the allotment deeds were attached, as exhibits, to the amended petition.

It was further alleged that said guardianship sale and deed was void for the following reasons:

First, that the appointment of B. F. Westlake as guardian of plaintiff was invalid for the reason that there was not a sufficient service of notice of the hearing of the petition for appointment made upon the mother and stepfather, who had the care and custody of said ward, next of kin, and persons interested in the estate of said ward, to give the county court of Muskogee county jurisdiction to make the appointment of said guardian.

Second, that there was not sufficient service of the order. of hearing the petition for the sale of the real estate made upon the mother and stepfather. who had the care and custody of said ward, and persons interested in the estate of said ward, to give the county court jurisdiction to decree a sale of said land.

Third, that the petition for the sale of real estate was insufficient to give the county court jurisdiction, and did not state facts sufficient to show the necessity and expediency of said sale, and the insufficiency was not supplied at the hearing; that there was no hearing and no testimony taken to supply the defects of the petition.

Fourth, that the decree of sale of real estate and the order confirming the sale of real estate were procured and consummated through fraud and was an imposition upon the county court.

Fifth, that there was a fraudulent appraisement of said land filed in said guardianship proceedings, appraising said land at $320, when, in fact, said land was worth

more than $1,600, and that all of said facts were well known to the purchaser.

It is further alleged that Ada Myers reached her majority on or about the 30th day of October, 1919, and on the 19th day of April, 1920, the plaintiff in error filed this suit to recover possession of and quiet the title to said land and to have the guardianship proceedings set aside.

To the amended petition the defendant John R. Harness interposed his demurrer, which was, by the trial court, sustained, and from which ruling the plaintiff in error, Ada Myers, perfected an appeal to this court.

The only assignment of error is that the trial court erred in sustaining the demurrer of the defendant, John R. Harness, to the amended petition of plaintiff in error and dismissing plaintiff in error's petition.

Under the allegations of the amended petition and the exhibits attached thereto, it is the contention of plaintiff in error that the guardianship sale and deed, made pursuant thereto, were void and conveyed no title to the purchaser.

On a demurrer to a petition, as defective, in that it does not state facts sufficient to constitute a cause of action, the petition must be liberally construed, and all its allegations taken as true for the purpose of demurrer (Jackson v. Moore, 79 Okla. 59, 191 Pac. 590), and the allegations of a pleading challenged by general demurrer must be construed in connection with the exhibits attached thereto (Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681).

It will be observed that as shown by exhibits attached to the amended petition, the order setting said petition for appointment of a guardian for hearing did not provide, and there was not any service on the relatives and the persons having the care of said ward, except by posting notices in three public places in the county. The records of the county court show that the only service of said notices made upon the relatives and the persons having the care of said ward was by posting, and it was specifically alleged in the amended petition, filed in the district court of Creek county, to set aside said guardianship proceedings, that posting of notices was the only service made upon the relatives and next of kin and the person having the care of said minor; that Ellen Smith, the mother of said minor, and Isaac Smith, the stepfather, were not served with notice of the hearing of the petition for appointment of B. F. Westlake as guardian of Ada Myers, and the mother and step-father did not know, or have any knowledge, of said hearing and were not present at the hearing of the petition for the appointment of a guardian, although they lived and resided in Muskogee county at the time and had the care and custody of said minor; nor did they waive any right of service of said notice.

So that the proposition is presented to this court as to whether posting of notices in three public places within the county, in view of the admitted facts, is sufficient to give the county court jurisdiction to appoint a guardian of said ward upon a petition filed by a stranger and by a person whom the record specifically shows was not related to, nor otherwise interested in, the estate of the ward, when the ward resides within the county with its parents.

The last sentence of section 1431, Comp. St. 1921, relative to the appointment of a guardian for minors, provides that:

"Before making the appointment the judge must cause such notice as he deems reasonable to be given to the relatives of the minor residing in the county, and to any person having care of such minor."

It is the theory of the defendant in error, John R. Harness, that there is nothing recited in the record to show that the county judge did not have reasonable notice given under this provision of the statute, and that said notice so given was sufficient for the reasons: (1) It was deemed to have been reasonable notice by the trial court and evidently complied with the statute in such cases, which leaves it to his sound discretion as to just what notice shall be given in such cases; and (2) that the county court of Muskogee county, being a court of general jurisdiction, on a collateral attack, this court will indulge the presumption that the law was complied with and that reasonable notice was given, and that on collateral attack plaintiff in error is estopped to show the contrary.

We cannot agree with this contention. The statute quoted clearly contemplates that the relatives in the county and persons having the care and custody of the ward should have some kind of actual information of the hearing of the petition for the appointment of the guardian. To hold that the posting of notice in three public places in Muskogee county is sufficient, in view of the fact that the mother and step-father of the minor, residing in Muskogee county, had the care and custody of the minor, would be to place a construction upon said section of the statute not within the intent of the Legislature.

It is true the statute gives the county judge discretion to select such means as he deems reasonable in informing the relatives of the time and place of the hearing of the petition for appointment of a guardian, but it was never intended, we think, that in so important a matter as appointing a guardian for a minor child living with its parents in the jurisdiction of the court, to give only constructive notice of such hearing.

Actual notice is required to be given to the relatives of a minor residing in the county where guardianship is sought, whenever actual notice of the time and place of hearing can be had on such relatives; the method or manner of giving such actual notice to be such as the county judge deems reasonable. In other words, the clear meaning of the statute, as we view it, is that constructive service is to be resorted to only in those cases where there can be no actual service made.

In the case of Carlile v. National Oil & Development Co., 81 Okla. 217, 201 Pac. 377, it is said, in the eighth paragraph of the syllabus:

"A statute should receive a rational, sensible interpretation one which tends to avoid or remove the mischief at which it was leveled, and to accomplish the object sought by the legislative body which enacted it, rather than one which promotes or permits the evil and avoids the accomplishment of the purpoose of the enactment."

In McIntosh v. Holtgrave, 79 Okla. 63, 191 Pac. 739, it is said in the opinion:

"The petition in the instant case alleged that at the time of the filing of the petition for appointment of the guardian, the minor was two years of age and was under the exclusive care and custody of its mother. Under the statute and the allegations of the petition, it was essential that the mother have notice for the court to acquire jurisdiction. For the purpose of the demurrer, the allegations of the petition must be considered as true."

It was further alleged in the amended petition, and disclosed by the record in the guardianship proceedings, that the only service of the order of hearing the petition for the sale of real estate made upon the next of kin and the persons interested in the estate was by publication'; that there was no personal service of said order of hearing the petition for the sale of real estate made upon the next of kin and the persons having the care of said ward and persons interested in such ward's estate residing in said county, and no posting or mailing of said order, as required by section 1472, Comp. St. 1921.

This statute provides, among other things, that:

"The county judge shall cause copies of said order to be posted up in three public places in the county * * * and personally served on the next kin of the ward and all other persons interested in the estate of said ward, residing in the county, and to be mailed to all such persons who are not residents of the county. * * *"

The petition for the sale of real estate set out that Ellen Smith, mother, and Isaac Smith, stepfather, of said minor, resided at Boynton, Okla., in Muskogee county, and that said ward resided with the said Ellen Smith and Isaac Smith.

The order of hearing the petition for the sale of real estate only provided that a copy of said order be published for three successive weeks, once a week, in a daily newspaper of Muskogee, Okla., and that the publication was the only service made of said order.

It is further alleged in the amended petition that the material allegations set out in the petition for the sale of the minor's lands were false and fraudulent, and were made for the purpose of misleading the county court and did mislead the said county court and was an imposition upon said county court.

In the amended petition it was alleged that the mother and stepfather were in sufficient circumstances and were supporting and maintaining said ward at their own expense and that said land had an actual value of more than $1,600, and was capable of yielding a sufficient annual income for the education, maintenance, and support of said ward; and that if the true facts had been disclosed, the county court would not have granted a decree of sale, and that all such facts were known to have been false and fraudulent by the purchaser at said sale.

It is further alleged that said guardian secured and filed in the county court a false and fraudulent appraisement of said land; that the same was appraised at $320, when, as a matter of fact, said land was worth more than $1,600, and that said appraisement was filed for the purpose of consummating the sale of said land for a sum grossly inadequate, and that all of said facts were known to the purchaser when he purchased said land for the sum of $357.50.

Where the allegations of the petition state facts sufficient to show fraud as a matter

of law, or where the allegations of the petition state facts sufficient to justify the inference of fraud therefrom in equity, a demurrer to such petition should be overruled if the allegations of the petition state a cause of action generally, because upon a demurrer to the petition the demurrant admits all facts well pleaded in the petition and all inferences which may be reasonably drawn therefrom.

We think the allegations with respect to the fraud practiced upon the plaintiff and by which the county court was imposed upon are sufficiently definite and specific to constitute a cause of action.

It is contended by the defendant that the demurrer was properly sustained because the amended petition shows that it was an action to quiet title to real estate and alleged on its face that the defendant was in possession of said land.

In the case of Koch et al. v. Deere, 50 Okla. 783, 150 Pac. 1102, this court held:

"Under chapter 10, Sess. L. 1910-11 (sec. 446, C. S. 1921), one not in possession of real property may bring an action for the possession thereof and to quiet title thereto by the cancellation of a deed which constitutes a cloud thereon."

This same rule is announced in the case of Lair v. Myers, 71 Okla. 175, 176 Pac. 224.

It is further contended by the defendant Harness that he was not the purchaser at the guardian court sale, but purchased said land from L. R. Kershaw, and that it is nowhere alleged that Harness knew anything about the alleged failure of jurisdiction of the court in appointing the guardian, or that he knew of any fraud or collusion by the guardian and said purchaser, Kershaw, or of any fraud or imposition practiced upon the court by said guardian and purchaser.

The conclusion is therefore drawn by the defendant Harness, that the petition failed to state a cause of action as against him.

In Tucker v. Leonard, 76 Okla. 16, 183 Pac. 907, it is said in the ninth paragraph of the syllabus:

"Purchasers of land which has been fraudulently transferred to their grantor must establish the good faith of their purchase, and it cannot be presumed."

In Tootle v. Payne et al., 82 Okla. 178, 199 Pac. 201, it is held:

"Where a sale of a minor's land is held to be fraudulent, and subsequent purchaser, as against an attack upon such sale, sets up the defense of bona fide purchase, the burden is upon such one to prove that he is an innocent purchaser, within the definition of that term above given. This is so since no elements of an innocent purchaser are presumed in the face of an admitted fraudulent sale of a minor's land. * * *"

We conclude, from an examination of the positive allegations of plaintiff's amended petition, that the trial court erred in sustaining a demurrer thereto, and dismissing the plaintiff's petition.

We think the case should be reversed, with directions to grant the plaintiff a new trial.

PHELPS, J. The judgment of the district court is reversed with directions to overrule the demurrer, and the rule and doctrine laid down in Ross v. Groom, 90 Okla. 270, 217 Pac. 480; Johnson v. Furchtvar, 96 Okla. 114, 220 Pac. 612, and Crabtree v. Bath, 102 Okla. 1, 225 Pac. 924, in so far as they are in conflict with the views herein expressed, are expressly overruled.

NICHOLSON, C. J., and HARRISON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

BRANSON, V. C. J. (dissenting). I do not concur in the opinion of the Commission which the above and foregoing memorandum opinion supplements and approves. The first time this court was directly confronted with the decisive question herein was in the case of Ross v. Groom, 90 Okla. 270, 217 Pac. 480, and the second paragraph of the syllabus in said case, which is the decisive question herein, was dissented to by the writer hereof. Later, in the case of Crabtree v. Bath, 102 Okla. 1, 225 Pac. 924, the writer hereof followed the rule to which he had previously dissented in the first above mentioned cases, but which had been declared to be the law by the court. The rule as announced concurs with the view I entertained in the case of Ross v. Groom, but it does not conform to the view expressed by the court in the cases overruled. In the opinion of the writer there is ample reason for the court to believe that the rule announced in Ross v. Groom may have been acted upon in numerous, and perhaps large, business transactions as the settled law on the decisive question involved herein, and for this reason I dissent from the opinion now approved, overruling the former cases on the doctrine of stare decisis.

I am authorized to say that Mr. Justice Mason concurs with me herein.

Note.—See under (1) 28 C. J. p. 1083. (2) 28 C. J. p. 1198; 31 Cyc. pp. 333, 336. (3) 39 Cyc. p. 1780.