The opinion of the court was delivered by
Valentine, J.:
This was a proceeding in the district court of Johnson county, by the defendants in error, A. McDonald & Bro., under § 568 of the civil code, to vacate a certain judgment previously rendered in said court in favor of Laithe, plaintiff in error, and against said McDonald & Bro. for the sum of $5,686, and costs, and for a new trial. The petition for the vacating of said judgment, and for the new trial, is founded principally if not .entirely upon the fourth subdivison of said section, to-wit, “for fraud practiced by the successful party in obtaining the judgment;” although there are some allegations in said petition which would tend also to bring the proceeding under the seventh subdivision of said section, to-wit, “ for unavoidable casualty or misfortune preventing the party from prosecuting or defending.” The fraud alleged to have been “practiced by the successful party in obtaining the judgment,” was the willful and corrupt perjury of the plaintiff in error himself on the trial, as the sole witness in the case, and in the absence of the other parties and their counsel. The petition in this proceeding alleges, among other things, substantially as follows: In 1868 said Laithe brought an action against McDonald '& Bro. in the district court of Johnson county for a faihrre by them to deliver goods which, as he charged, were received by them as common carriers, and lost by their negligence. McDonald & Bro. answered by a general denial of the facts stated in the petition. The cause was tried at the October Term 1868 of the district court, on said petition and answer. The defendants were not present at the trial. The plaintiff, Laithe, was *347 the only witness on the trial. He testified willfully, corruptly, and falsely, that the defendants were' common carriers, that they received said goods in that capacity to carry from Kansas City, Missouri, to Fort Scott, Kansas, that they failed to deliver them, and that the goods were worth $5,686; while in truth and in fact the defendants were not common carriers, they never received said goods, nor any part of them, as common carriers, nor in any other capacity, and all the goods that the plaintiff had at Kansas City were not worth more than $1,800. The fraud of the plaintiff in obtaining said judgment was amply proved on the trial of this proceeding, and the fact was so found by the court. Hence no question is now raised upon that point. But it is claimed by the plaintiff in error that the defendants in error did not show “ unavoidable casualty, or misfortune,” preventing them from defending the original action. This we think is true; but it is not necessary that any such thing should have been shown. A party is never required to exercise more than reasonable and ordinary diligence in preventing a fraud from being perpetrated upon him, and fraud vitiates everything it touches. Of course, a defendant failing to defend cannot have the judgment vacated on account of any innocent mistake, or wapt of recollection’ on the part of the plaintiff, or other witness, nor even on account of the perjury of the other witnesses, provided the plaintiff himself is wholly guiltless. Nor can he have the judgment vacated on account of any mistake or error on the part of the court or jury, unless the record affirmatively shows such mistake or error. All such mistakes and errors each party is bound to anticipate, and to prepare for by extraordinary diligence. But no party is bound to anticipate or to suppose that the other party will commit willful and corrupt perjury; and no party is bound to exercise extraordinary diligence in preparing to meet such perjury. In this ease we think the defendants exercised reasonable diligence. They employed counsel, who filed an answer for the defendants within the time prescribed by law. They placed the case in such a con *348 dition that no. judgment could have been taken against them except through some mistake, or through fraud. They commenced immediately after being summoned to hunt for their witnesses. They found that the testimony of one of their witnesses could not be obtained in time for the October Term of the district court, 1868. The action was commenced September 7th, 1868. The answer was filed October 6th, the judgment was rendered October 24th, and the court adjourned October 27th, 1868. The defendants resided at Port Scott, in Bourbon county. The action was pending in Johnson county. As soon as the defendants ascertained that they could not get the testimony of said witness they wrote a letter to an attorney-at-law of Johnson county, desiring him to obtain a continuance of the case for them. The letter was written in ample time, but the attorney did not receive it, on account of delay in the United States mails, until it was too late for him to do anything. This we think was sufficient diligence for a case of this kind. Neither was the fact that the defendants’ counsel arrived at the place where the court was held two days after the judgment was reudered, and one day before the court adjourned, and did not make a motion for a new trial, such negligence as will prevent the defendants from obtaining relief in this proceeding. Said counsel had no evidence present to prove the fraud in obtaining the judgment. Courts of equity have always had the power to grant relief where a judgment was obtained through fraud. And originally courts of equity exercised this power with great liberality. This was when courts of law seldom granted new trials. But when courts of law extended their jurisdiction, and granted new trials with greater liberality, the courts of equity to some extent withdrew their jurisdiction, and granted relief in fewer cases. It is a general rule of equity, with some exceptions however, that courts of equity will not grant relief where the party has a plain and adequate remedy at law. Upon the foregoing propositions see: Powers v. Butler, 3 Green, (N. J.) 465; Nelson v. Rockwell, 14 Ill., 375. Hence, if a decision in equity should be found in any state *349 against granting relief in such cases, it would not be a decision that the party has no remedy, nor that he has not the remedy that McDonald & Bro. now seek in this case. The relief in equity was different from the relief now granted by our statutes. Equity did not grant a re-trial in the court of law, as our statute does. (2 Story Eq. Jur., §§ 1574, 1582.) And hence, courts of equity should have been more cautious in granting relief in such cases than the courts of this state should under our statutes. Under the statutes a new trial is granted in an action at law in the same court, and an opportunity is afforded of having a full and fair trial before a jury.
We have examined all the American authorities referred to by counsel for plaintiff in error, and we do not think that any one of them militates against the views we have expressed in this opinion. The leading case referred to by counsel for plaintiff is Smith v. Lowry, 1 Johns. Ch., 320. That was an action to vacate a judgment, not because the judgment had been obtained through fraud, but because excessive damages had been obtained through fraud. The Chancellor says in his opinion: “The cases of relief in equity against judgments at law, founded in fraud, are, when the fraud goes to the whole judgment, and not to the mere excess of damages in a case properly sounding in damages.” The next strong case of the plaintiff is Foster v. Wood, 6 Johns. Ch., 87. In this case the plaintiff took-judgment for $317.44, which was $76.00 too much; but it is not alleged that there was any fraud or perjury in taking such judgment. The next case upon which the plaintiff seems to rely is Floyd v. Jayne, 6 Johns. Ch., 479. There was no perjury in this case. The defendant claimed that he had paid the demand upon which this judgment was rendered, before the suit was brought, but with gross negligence he went to trial without even pleading payment. He of course knew beforehand that the judgment must go against him unless he were to plead and prove the payment, for the action was on an ordinary promissory note. The case of Riddle v. Baker, 13 Cal., 295, was a bill in equity to restrain *350 the collection of a judgment. Much was alleged, but nothing proved. No fraud or perjury was shown. It was in fact merely a question of excessive damages, without fraud. The case of Essex v. Berry, 2 Vt., 161, was a bill in equity to perpetually enjoin a judgment rendered on a default without perjury, where a portion of the judgment was just, which the plaintiff offered to pay. The case of Borland v. Thornton, 12 Cal., 440, was an action to set aside a judgment and allow the defendant in the original action to interpose a defense which he had negligently failed to do before judgment; but there is no pretense that there was any fraud or perjury in obtaining the judgment. In the case of Johnson v. Lyon, 14 Iowa, 431, the defendant asks to have the judgment set aside, in order that he may set up the defense of usury, and defeat the plaintiff’s claim to the extent of the usurious interest. It was conceded that the balance of the judgment was correct. Fraud was alleged, but no fraud was shown by the evidence.’ And no peijury was either alleged or proved. In the case of LeGuen v. Gouveneur, 1 Johns. Cases, 436, it is decided that “ Where a party to a suit at law has knowledge of a fraud or other matter of defense in time to avail himself of it at the trial at law, and he neglects to do so, he cannot afterward obtain relief in a court of equity against the judgment at law, on the ground of such fraud, or matter of defense, that he might have set up at the trial, but is forever concluded by the judgment.” These are the strongest American cases cited by and for the plaintiff in error. We have not examined the English cases cited by him.
.We think that McDonald & Bro. have clearly shown a right to the relief they ask under the statute, and therefore the judgment of the court below must be affirmed.
All the Justices concurring.