Appeal from Utah County, Fourth District

## BEESLEY v. BOARDMAN

No. 3076.  Decided August 1, 1917.  (166 Pac. 991.)

1. APPEAL AND ERROR—REVIEW—FINDINGS OF FACT. The Supreme Court in a law case cannot interfere with the findings and judgment, where there is ample evidence to support the findings. (Page 150.)

2. APPEAL AND ERROR—REVIEW—FINDINGS OF FACT. The Supreme Court in an equity case cannot interfere with the court's finding of fact where the evidence on the controlling question is not only in sharp conflict, but justifies finding as the court did. (Page 150.)

Appeal from District Court, Fourth District; *Hon. A. B. Morgan*, Judge.

Action by John W. Beesley against Thomas Boardman.

Judgment for plaintiff.  Defendant appeals.

AFFIRMED.

*Harvey Cluff* for appellant.

*J. H. McDonald* for respondent.

FRICK, C. J.

The plaintiff, in substance, alleges in his complaint that in May, 1914, at his request, the defendant loaned the plaintiff the sum of $100; that the plaintiff at that time deposited with the defendant as security for said loan 50,000 shares of the capital stock of a certain mining corporation, which stock was to be returned to the plaintiff upon the payment of said loan with legal interest; that prior to the commencement of this action the plaintiff duly tendered to the defendant the amount of said loan, together with legal interest thereon in lawful money, and demanded from the defendant the return of said 50,000 shares of stock; that said defendant refused to accept the amount of said loan with legal interest, and refuses, and still refuses, to return said stock to the plaintiff; that said stock is of the reasonable value of $5,000; that plaintiff is ready and willing to repay the amount of said loan with legal interest, and tenders the same to him in court.  Plaintiff

prayed judgment for the return of said stock, or that, in lieu thereof, he recover judgment for the sum of $5,000.

The defendant, in effect, denies the allegations of the complaint and, as an affirmative defense, alleges that he, on the 18th day of May, 1914, purchased the stock in question from the plaintiff for the sum of $100; that he had advanced certain amounts of money in paying assessments upon said stock, etc. The defendant also alleges other facts in his answer which are, however, not material here.

A trial to the court without a jury resulted in findings of fact and conclusions of law in favor of the plaintiff. The district court found the facts substantially as they are alleged in the complaint, except that the court found that, in view that the defendant has all of said stock in his possession and can make return thereof to the plaintiff, it is not necessary to find its value, and the value thereof was not found. The court further found that the defendant had paid an assessment on said stock amounting to $51.70. The court entered judgment requiring the plaintiff to pay to the defendant the amount of said loan, with legal interest, and also required him to pay to the defendant the amount advanced on said stock for assessment with legal interest, and, upon such payment being made by plaintiff to the defendant, that the latter return said stock to the plaintiff.

The defendant appeals and insists that the court erred in its findings of fact, conclusions of law and judgment. While the findings of fact are assailed, yet no specifications are made wherein the evidence is insufficient to sustain the findings. If the findings of fact remain, the exceptions to the conclusions of law and the judgment must necessarily fail. If we regard this case as one in law, then we are powerless to interfere with the findings and judgment, for the reason that there is ample evidence to support the findings of fact. If, upon the other hand, we regard it as an action in equity, then again we cannot interfere with the court's findings, for the reason that evidence upon the controlling question, namely, whether the transaction between the parties constituted a loan and a pledge of the stock, without

fixing a time for payment, or whether it constituted sale thereof by the plaintiff to the defendant, as claimed by the latter, is not only in sharp conflict, but, in our judgment, the district court was justified in finding that the evidence upon that question preponderated in favor of the plaintiff. At all events the district court was in a better position than are we to weigh the evidence and to pass upon the credibility of the witnesses. In any event, therefore, the findings are not so clearly against the evidence that we would be justified in interfering, although we treat the case as purely equitable. We remarked that we have less hesitancy in arriving at the foregoing conclusion in view of the fact that the district court in its judgment has fully protected the legal rights of both parties. We are all of one mind that the record in this case shows no good cause for interference, and hence the judgment is, in all respects, affirmed, with costs to respondent.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.