[S. F. No. 13134. In Bank.—September 12, 1928.]

GREAT WESTERN SYNDICATE (a Corporation) et al., Petitioners, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

J. L. Smith for Petitioners.

C. A. Linn, William P. Hubbard and Samuel T. Bush for Respondents.

THE COURT.— This matter having come on regularly for hearing before this court upon the petition of the appellants for a writ of mandate to be directed to the Superior Court and the Judge thereof, respondents herein, requiring the respondents to settle and approve the bill of exceptions of the appellants and petitioners herein in the case of *Una Margaret Locke Paddon* v. *William Locke Paddon et al.*, now upon appeal in this court, and which is attached to the petition herein; and the respondents having appeared herein and presented certain specific objections to said bill of exceptions and to the settlement and approval thereof, wherein they have specifically directed the attention of this court and also of these petitioners to certain deficiencies and omissions in said bill of exceptions, and which the petitioners herein having thus had their attention specifically directed thereto may, if given a reasonable opportunity, be able to

remedy in a revised, amplified, or amended bill of exceptions; and it appearing proper to this court that such reasonable opportunity should be by the respondents herein afforded to the petitioners herein so to do, and good cause appearing therefor,

It is ordered that the petitioners' aforesaid proposed bill of exceptions be and the same is hereby returned and presented to the respondents herein for further proceedings thereon with a view to the revision, amendment, and eventual settlement thereof; that the order of the respondents heretofore made and entered disallowing and striking out said proposed bill of exceptions be by said respondents so far modified as to permit the petitioners herein a reasonable time, hereby fixed at sixty days from and after the date of said modified order, within which to prepare and present such further revised or amended proposed bill of exceptions as would entitle the petitioners herein to have the same presented and treated as their proposed bill of exceptions in said cause, and to have the same considered amended and settled as provided by law and as and for the appellants' bill of exceptions in said cause now on appeal in this court.

WASTE, C. J., Dissenting.—I dissent.

The matter comes here on a petition by the appellants for an order directing the respondent court and the judge thereof to settle and approve a bill of exceptions. There is attached to the petition a copy of a motion made in the lower court to dismiss all proceedings taken by the defendants (appellants) touching or concerning the preparation or settlement of the proposed bill of exceptions and to strike the same from the files. From the answer to the petition for this writ, verified by the trial judge, it appears that at the time of the hearing of the motion to strike the bill of exceptions from the files the petitioners represented to respondents that their proposed bill of exceptions contained all of the material matters which should be set forth; that at that time the trial judge pointed out many material and important matters which were omitted from the proposed bill, that the testimony of many witnesses was omitted therefrom, and that the testimony of other witnesses was garbled or fabricated. The trial court and counsel for the plaintiff below pointed out, and now specify, some thirty-three particulars in that regard.

The petitioners contended that said matters were not proper matters to be contained in the bill, and petitioners failed and neglected to redraft the bill or embody therein the suggestions of court and counsel, or to make the same conform to the truth, but persisted and insisted that the draft as proposed by them was sufficient for all purposes. Thereupon the court made an order "finding that defendants' proposed bill of exceptions is entirely inadequate to explain the specifications of insufficiency of evidence to justify the decision or the exceptions or proceedings relied upon by defendants, and that it presented such a one-sided and garbled statement of but a small portion of the evidence as to be a sham, and that it is not susceptible of amendment or revision so as to conform to the truth except by means of a complete new draft, the settlement of defendants' proposed bill of exceptions is disallowed and the motion to strike out the same is granted."

From the verified return it appears that "then and only then did petitioners offer to amend or redraft their bill, and at that time petitioners did not state the particulars in which they would amend or redraft their bill, nor have they ever at any time prepared a proposed bill of exceptions other than the one annexed to their petition on file herein."

For these reasons, in my judgment, the writ of mandate should be denied.

Rehearing denied.

Waste, C. J., dissented.