## VACUUM OIL CO. v. BRETT.

No. 19416. Opinion Filed Sept. 16, 1930.

Rehearing Denied Jan. 6, 1931.

Frank T. McCoy, William M. Taylor, and John T. Craig, for plaintiff in error.

Holcombe & Lohman and Maris & Maris, for defendant in error.

TEEHEE, C. The general question to be determined in this cause is whether or not the trial court in vacating a default judgment, after the term at which it was rendered, abused its discretion.

The case is this: On January 29, 1924, the Vacuum Oil Company, hereinafter referred to as plaintiff, brought suit in the district court of Osage county against Orville H. Parker and Paul Parker, doing business as the Parker Motor Company at Shidler, to recover of them the sum of $2,445.76, on their promissory notes given in settlement of an account for merchandise sold to them by plaintiff.

In the action, Geo. H. Brett, who resided at Ponca City in the adjoining county of Kay, hereinafter referred to as defendant, was joined as a party litigant with the Parkers for that he was obligated for the merchandise account by virtue of his written guaranty whereunder the credit to the Parkers was given. This instrument bore date of July 14, 1922. Defendant's signature thereto was witnessed by B. C. Sargent.

Summons in the case was personally served on defendant on February 2, 1924. Within the statutory period, defendant, by his attorney, L. A. Maris, of Ponca City, filed his verified answer of denial of plaintiff's petition.

The cause was set for trial on November 26, 1924. It was the court clerk's custom to notify Mr. Maris of the trial assignment of cases in which he was interested. In this case the clerk failed to so notify him. On the trial date the Parkers and the defendant and his attorney failed to appear. The cause was heard to the court. Upon hearing the testimony of B. C. Sargent and a Mr. Brown, the court rendered judgment against the Parkers and defendant, and each of them, for the sum of $2,587.46 on the account sued on, and a further sum of $350 as attorney's fee, and for the costs in the case.

On July 22, 1925, execution against the Parkers having been returned unsatisfied, an alias execution was issued against defendant and placed in the hands of the sheriff

of Kay county, at which time defendant and his attorney first learned of the judgment.

On July 25, 1925, defendant filed his petition to vacate the judgment as against him, which, after intermediate pleadings by plaintiff there against, was on September 26, 1925, by him amended. The matters pleaded by defendant in his petition were by him alleged to constitute three grounds of vacation, namely: First, unavoidable casualty or misfortune preventing his defending in the case; second, discovery of new evidence subsequent to the trial had; and, third, fraud practiced by plaintiff in obtaining the judgment against him.

Plaintiff, first, by demurrer attacked the sufficiency of the amended petition to state a cause of action. Upon the overruling of the demurrer, plaintiff, by verified answer, in substance, reattacked the sufficiency of the petition, and denied each and every allegation thereof.

At the hearing of the petition, plaintiff rested its right to a denial thereof on its demurrer to defendant's evidence. The demurrer was overruled, and plaintiff electing to stand on its demurrer, the court thereupon granted defendant's petition and vacated plaintiff's judgment against defendant, and awarded a new trial of the original cause.

Of this action of the court, plaintiff complains under eight assignments of error, all of which go to the general proposition that defendant's evidence, though admitted to be true, does not establish facts legally sufficient to entitle him to the relief granted, for which reason it is contended that, though the court is vested with the exercise of a broad discretion in this class of cases, its action in vacating plaintiff's judgment against defendant constituted that abuse of discretion calling for appellate reversal.

In support of the action of the court, defendant relies upon the first and third grounds of his petition, namely, unavoidable casualty or misfortune preventing his defense in the case, and fraud practiced by plaintiff in obtaining the judgment against him.

The first ground has to do with the question of whether or not defendant was negligent in his attention to the case. In that relation his evidence, in substance, showed the relevant facts as set out in our statement of the case.

Plaintiff urges that, under the rule of Vincent v. Kelly, 121 Okla. 302, 249 Pac. 942, and Thomas v. Darks, 127 Okla. 179, 260 Pac. 75, and many other similar cases by this court, defendant's evidence failed to establish unavoidable casualty or misfortune within the meaning of section 810, C. O. S. 1921, 7th subdivision, on which this phase of defendant's petition was predicated.

Under the authorities cited by plaintiff, it may now be regarded as settled law that it is the duty of an attorney to be diligent in the management of litigation for his client and to keep himself properly advised therein, wherein his failure in such diligence constitutes negligence which is imputable to his client; that it is not the duty of the court clerk to notify either the attorney or his client of the setting of a cause for trial; and that such want of diligence, or failure of the court clerk to give such notice, does not constitute unavoidable casualty or misfortune preventing the party from defending within the meaning of the law.

The other ground, as noted, goes to the question of the alleged fraud practiced by plaintiff in connection with the original trial, and necessarily also of whether or not defendant had a meritorious defense against plaintiff's cause of action against him predicated on the written guaranty. In that relation defendant's evidence showed that he had not executed the guaranty agreement, and that the signature thereto was not his; that he was not acquainted with B. C. Sargent, who was the representative of plaintiff in the alleged transaction and whose name appeared on the instrument as the only witness to defendant's execution thereof; or, in other words, that the instrument sued on was forgery, of which fact plaintiff through its agent had knowledge.

As to that ground, which was based on subdivision 4 of said section 810, plaintiff urges that, under the cases of Thigpen v. Deutsch, 66 Okla. 19, 166 Pac. 901, and Hensley v. Conard, 99 Okla. 173, 226 Pac. 54, and other like cases by this court, defendant's evidence was insufficient to bring the case within the meaning of said 4th subdivision.

Plaintiff rests the insufficiency of the evidence on the rule, as stated in the Thigpen Case, to wit:

"False evidence or perjury alone, relative to an issue tried, is not a sufficient ground for vacating or setting aside a judgment; the fraud which will authorize the court to vacate a judgment must be extrinsic or collateral to the issues tried in the cause wherein the attacked judgment was rendered; it must be such fraud of the prevailing party as to prevent the other from having a trial of the issues."

The rule has often been applied by this court in cases brought both in equity within two years after the discovery of the alleged fraud pursuant to section 185, C. O. S. 1921, 3d subdivision, and in statutory proceedings brought within two years after the rendition of the judgment assailed pursuant to said section 810 and section 812, C. O. S. 1921, so that it is now the settled general rule controlling in all such actions, whether the purpose thereof is to obtain equitable relief by cancellation or annulment of the judgment, and thus defeat the cause of action, which ordinarily is the effect of a judgment of vacation in equity, or to secure a new trial of the original cause under such judgment in the statutory proceeding. For application of the rule in equity, among many cases, see Clinton v. Miller, 96 Okla. 71, 216 Pac. 135, and O'Brien v. Van Arsdale-Osborne Brokerage Co., 80 Okla. 174, 194 Pac. 1083; and in the statutory proceeding, see Thigpen v. Deutsch, supra, and Cherry v. Gamble, 101 Okla. 234, 224 Pac. 960.

In El Reno Mut. Fire Ins. Co. v. Sutton, 41 Okla. 297, 137 Pac. 700, where the force of the 4th subdivision of said section 810 was considered at length, and the judgment vacated and a new trial awarded as prayed for, though the case was a proceeding in equity, we find this pertinent language:

"There seems to be considerable confusion among the cases as to just how far the courts are justified in going in the granting of the relief prayed for, under the subdivision of the section of the statute relied upon herein. This confusion is due to the fact that no hard and fast rule can be safely enunciated that will fit all cases; each case must, to a marked degree, depend upon its own facts and circumstances, and the granting or refusal to grant relief in such cases is largely a matter of discretion which will seldom be interfered with on appeal.

"As one of the general rules governing the subject, however, it may be safely said that no relief should be granted where the matter upon which the claim to relief is founded was litigated in the original action, or where the matter might have been litigated at the former trial by the exercise of due diligence, or where it could have been obtained upon motion in the court which rendered the judgment, unless it appears that the relief sought is in aid of a meritorious claim or defense."

In that case, the court's holding, to wit:
"The obtaining of a judgment by willful and corrupt perjury is obtaining it by fraud within the meaning of subdivision 4; sec. 5267, Rev. Lews 1910 (now subdiv. 4, sec. 810, C. O. S. 1921)"
—followed the construction of the statute

prior to our adoption thereof from the state of Kansas. Laithe v. McDonald, 7 Kan. 254, and 12 Kan. 340.

In the Laithe Case, there were two trials. On appeal, in the first, 7 Kan. 254, it was held, to wit:

"Where a party obtains a judgment by his own willful perjury, or the use of false testimony, which he knows at the time to be false, he practices a fraud for which the judgment may be vacated."

On the second appeal, 12 Kan. 340, it was held, to wit:

"Where direct issues of fact are joined upon proper pleadings, and the defendant uses reasonable diligence to be ready to defend the action but is absent from the trial, and the plaintiff, who is the only witness who testifies at the trial, obtains a judgment by means of his own willful and corrupt perjury, the defendant may have the judgment vacated, and a new trial granted, under the fourth subdivision of section 568 of the Code, 'for fraud practiced by the successful party in obtaining the judgment,' although he may not be able to show that he also has a right under the seventh subdivision of said section to have said judgment vacated 'for unavoidable casualty or misfortune, preventing him from defending the action.'"

Defendant contends that his case is brought within the principle of the Laithe Case. So far as we know, the rule of that case is still recognized as the law in the state of Kansas, though it is regarded as an exception to the general rule, as is to be noted from the following observation of the court in Electric Plaster Co. v. Blue Rapids City Tp., 81 Kan. 730, 106 Pac. 1079, where the action to vacate was brought in equity, and the equitable rule applied, to wit:

"Is the general rule in equity superseded by the provision of the Code which provides that a judgment may be vacated 'for fraud practiced by the successful party in obtaining' it, and does the statute authorize the courts to vacate a judgment upon the mere showing that it was obtained by false swearing or perjured testimony? In Laithe v. McDonald, 12 Kan. 340, a decision of the district court vacating a judgment obtained by means of perjured testimony was affirmed. The defeated party and his counsel in that case were both absent when the judgment was rendered; the prevailing party was the sole witness, and gave perjured testimony. Some expressions used by way of argument in the opinion have caused the case to be cited by other courts and text-writers as placing this court in opposition to the current of authority, and as holding that the statute enlarges the general equitable rule; but the doctrine of the case must be

limited to the peculiar facts upon which it was decided. False swearing and perjury may furnish grounds for vacating a judgment under section 570, where the defeated party, having exercised due diligence, has been prevented from exposing the perjury by some act of fraud of the other party."

The facts of the Laithe Case measureably approximate the facts in the cause at bar, though it may be said that in that case there was shown a higher degree of diligence in that the defendant not only put the case at issue by answer so that a default judgment for want of an answer could not be taken, but also made other preparations looking to the trial of the cause. It may be argued, however, that the degree of diligence there may here be offset measurably by the difference in the character of the fraud alleged. The fraud there only went to the question of good faith and fair dealing as between parties in the sense that only their individual property interests were affected, this being also in effect the same character of fraud alleged in the cases relied on by plaintiff, whereas the fraud here, under the principle of Kline v. Mueller, 135 Okla. 123, 276 Pac. 200, is of a much graver character. In the Kline Case, following prior cases by this court, it was held that a forged deed was of no legal effect and created no property rights, even as to subsequent purchasers in good faith for value without notice of the forgery. This must be true of any other spurious instrument purporting to create a property right. That, in effect, has been so recognized by this court in a vacation proceeding. Van Noy v. Jackson, 68 Okla. 44, 171 Pac. 462.

We think the general rule should be held to have no application to a cause where the character of the fraud alleged and established by the evidence, or such fraud for the purposes of the case is admitted to be true by the adverse party as here, is fraught with such grave consequences as in this case, and that in the circumstances of the cause in hand the principle of the Laithe Case should be applied thereto. The trial court doubtless proceeded on that theory, and therefore reasoned that, though defendant was unable to show a right of vacation on the ground of unavoidable casualty or misfortune, since plaintiff did not by counter evidence contest the issue of fraud tendered by the pleadings and established by defendant's evidence, and because of the character and gravity of the fraud so shown, the court could do nothing less than to vacate the judgment and award a new trial whereat the question thus raised properly may be determined.

We may here properly observe that it is a fixed procedural principle that an application to set aside a default judgment filed after the term at which it was rendered is addressed to the sound legal discretion of the trial court, and that such discretion should always be exercised to promote the ends of justice, and that a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused. The rule has been applied in a variety of circumstances. Lott v. Kansas Osage Gas Co., 139 Okla. 6, 281 Pac. 297; W. W. Bennett & Co. v. LaFayette, 133 Okla. 233, 271 Pac. 248. Reversal of the judgment appealed from would be tantamount to a disregard of this principle, within the purview of which, we also think, the case is brought.

Our being unwilling to commit this court to the doctrine that vacation of a judgment admitted to have been obtained through the means of a willful act of fraud creative of no property rights, and an awardment of a new trial of the original cause, constitute that abuse of judicial discretion requiring appellate reversal, it must follow that the trial court did not err in vacating plaintiff's judgment against defendant on the ground that plaintiff had practised fraud in obtaining the same, and we so hold.

We may properly observe that this disposition of the cause, of course, is not to be understood as being conclusive upon the question of the weight or credibility of defendant's evidence upon the issue of fraud, which phase thereof necessarily must be left to the jury or the court sitting as a trier of fact upon the trial of such issue at the new trial awarded, for, in our treatment hereof, we proceeded on plaintiff's theory of verity of every fact established by defendant's evidence, this being the rule in determining the propriety of a demurrer to the evidence.

The judgment of the district court is affirmed.

REID, FOSTER, and DIFFENDAFFER, Commissioners, concur.

HALL, Commissioner, concurs in result.

BENNETT, LEACH, HERR, and EAGLETON, Commissioners, dissent.

By the Court: It is so ordered.