## SARBER et al. v. MARLAND OIL CO. et al.

No. 19434. Opinion Filed March 3, 1931.

W. S. Meyer, for plaintiffs in error.

William H. Zwick, H. E. Oakes, and J. W. Wolfe, for defendant in error Marland Oil Company.

Goode, Dierker & Goode, for defendant in error Forest Anderson.

LEACH, C. Yousta Sarber and Peter Sarber, minors, aged 15 and 13 years respectively, by their mother as next friend, commenced this action in the district court of Seminole county in the year 1927, against Forest Anderson, the Marland Oil Company, and others, to recover an undivided two-thirds interest in certain lands located in that county, which lands were alleged to have been allotted to Billy Sarber, deceased, a full-blood Seminole Indian, father of plaintiffs, and to set aside guardian's sale of the same and the deed issued thereunder, dated June 21, 1917, and to cancel other deeds and leases growing out of the guardian's sale and deed.

Demurrers were filed by the defendants Forest Anderson and Marland Oil Company to plaintiffs' amended petition, which demurrers were sustained, and plaintiffs' action was dismissed, from which ruling the plaintiffs bring this appeal and allege error thereon.

The plaintiffs attacked the validity of the guardian's sale and deed on several grounds. The first one presented in the brief of the plaintiffs is that:

"The appointment of guardian was void for the reason that there was insufficient service of the notice of hearing petition for appointment."

It is alleged in plaintiffs' amended petition that:

"The only service of notice of hearing petition for appointment of Cookey Carbitcher, guardian, was the posting of notices in three public places in Seminole county, Okla."

—together with other allegations showing the mother, who had the care and custody of the minors, to reside in Seminole county. The petition for the appointment of the guardian states in part:

"That the next of kin, and persons having the care of said minors, are Ina Sarber, mother.

"That petitioner is an uncle of said minors, and it is the request of the mother of said minors that this petitioner files this petition for his appointment as said guardian."

The plaintiffs in support of their first proposition, rely upon the holding in case of Myers v. Harness, 116 Okla. 268, 244 Pac. 1109, wherein it was held that the

258

mother of a minor child having the care and custody thereof must have actual notice of application of a stranger to be appointed its guardian, and that posting of notices of such hearing is insufficient. Such authority would be decisive except for a later decision in the same case on second appeal, which later decision we consider controlling under the record in this case. The second or later decision in the case, Harness v. Myers, 143 Okla. 147, 288 Pac. 285, in referring to a similar proposition as here raised, stated:

"The first time the question was before this court was in 1916, in the case of Crosbie v. Brewer, 68 Okla. 16, 158 Pac. 388, 173 Pac. 441. There it was said: 'Plaintiffs next contend that section 6522, Revised Laws of 1910, requires written personal notice to be given to the relatives in the county. * * * In the case at bar the court caused three written notices to be posted up in three public places in the county, and plaintiffs argue that this was only constructive notice and was not the notice intended by the above statute. It seems it was the intention of the law to leave the nature of the notice to the discretion of the county judge, and the only notice required to be given was one deemed reasonable by the judge.' * * * It therefore follows that, under the law of this state, in force at the time this guardian was appointed, the posting of notices in three public places, pursuant to order of the county judge, as was done in this case, was sufficient to give the court jurisdiction to make the appointment. The appointment was therefore valid. * * *

"The record discloses that no notice was served upon the step-father. The proceedings, however, were in compliance with the law as it existed at the time this guardian was appointed, and, since this is true, the rights accruing to the purchaser at guardian's sale, and to subsequent purchasers, cannot be disturbed by reason of the fact that at a later date the law was changed by judicial construction. In the case of Douglass v. Pike County, 101 U. S. 677, 25 L. Ed. 968, Mr. Chief Justice Waite, speaking for the Supreme Court of the United States, said:

"'* * * The true rule is to give a change of judicial construction, in respect to a statute, the same effect in its operation on contracts and existing contract rights that would be given to a legislative amendment; that is to say, make it prospective, not retroactive. After a statute has been settled by judicial construction, the construction becomes, so far as contract rights acquired under it are concerned, as much a part of the statute as the text itself, and a change of decision is, to all intents and purposes, the same in its effect on contracts as an amendment of the law by means of legislative enactment.'"

"Contracts entered into in good faith, in relation to private property rights, in accordance with a statute as construed by the Supreme Court of the state, will be given effect according to the judicial construction of the statute in effect at the time the contract was entered into. A later construction of the statute by the same court, applying a different construction, will not affect the contract made pursuant to the former decision." Bagby v. Martin, 118 Okla. 244, 247 Pac. 404.

Under the holding in the last two above cited cases, the first ground of invalidity of the guardian's sale contended for by plaintiffs cannot be sustained.

It is next contended that the county court did not acquire jurisdiction to decree a sale of the lands because of insufficient notice of hearing on the petition to sell, that the allegations of the petition were insufficient to give the court jurisdiction, or to show that the sale was necessary and expedient, and the insufficiency was not supplied at the hearing; that the material allegations thereof were false, fraudulent, and did mislead the court.

The verified petition to sell real estate, a copy of which is attached to plaintiffs' petition, alleges that the wards have no personal property; describes the land; alleges its approximate value to be $800, stated $50 to be the annual income therefrom; alleged that the wards would receive no rents from said land for some time because it had been leased and rents collected in advance by the allottee in his lifetime; stated the annual expense chargeable against the estate of said wards for their maintenance, education, and support; named the mother of the minors and their uncle, the petitioner, as the next of kin and persons interested in the estate of the wards, and alleged that it was necessary and for the best interest of the wards to sell the lands for the following reasons:

"In order to obtain funds with which to properly support, maintain, and educate said wards, and it would be to the benefit and advantage of said wards to sell such lands for the purposes above stated, and to put out at interest or reinvest in more productive stock, or as the court might direct, any of the funds not necessary for the support, education, and maintenance of said wards. * * *

"Petitioner further represents unto the court that said wards and their mother make their home with this petitioner; that the mother of said wards is in delicate health and unable to provide funds for the support, education, and maintenance of said wards; that the mother of said wards has asked this petitioner to sell the lands, and

premises hereinafter described, for the purpose of raising funds with which to support, maintain, and educate said wards."

The petition to sell appears to fully meet the requirements of section 6557, Rev. Laws 1910, section 1470, C. O. S. 1921, and according to the decisions the county court thereby acquired jurisdiction to hear and determine the matters.

"The jurisdiction of the court to order the sale of minor's real property depends upon the sufficiency of the averments of the petition, and not upon the truth of those averments." Dosar v. Hummell, 89 Okla. 152, 214 Pac. 718.

"Where a petition contains sufficient allegations as to the condition of the estate and the necessity of the sale to give the court jurisdiction, a court of equity will not vacate a sale because the statements were false, as the jurisdiction of the court rested on the averments of the petition and not the truthfulness thereof.

"The questions of the condition of the estate and the necessity for the sale were matters which were before the county court for determination, and were necessarily determined by the court when the order of sale was made, and judgment procured by false testimony on material questions which were tried and determined by the court will not be set aside in an equitable action in that court unless the false and perjured testimony concerns some extraneous fraud practiced upon the court." Tiger v. Drumright, 95 Okla. 174, 217 Pac. 453.

The complaint or contention that notice of hearing on petition to sell was not served as prescribed by statute appears to be met and sufficiently overcome by the order of the county court fixing the time and date of hearing on the petition to sell, a copy of which order is attached to plaintiffs' amended petition, that part thereof wherein it is recited:

"And it further appearing to the court that the next of kin and persons interested in the estate of said minors have filed herein written consent to the making of the order of sale as prayed for by said petitioner, said consent having been subscribed by all persons interested therein and by the next of kin; and no notice is therefore necessary to be served, but said order should be made at once;

"It is therefore ordered that the petition of the said Cookey Carbitcher, as herein above described, be and the same is hereby set for hearing at once, said hearing to be held in the county court room at the courthouse, in Wewoka, Seminole county, Okla."

Section 1472, C. O. S. 1921, which defines the notice to be given on hearing on such sale, contains the following proviso:

"Provided, that if written consent to making the order of sale is subscribed by all persons interested therein and the next of kin, said order of sale may be made at once, and without giving the notice provided for in this section."

"The county court in the exercise of its probate jurisdiction is a court of general jurisdiction, and its judgments and proceedings are entitled to like presumptions accorded to that of the district court." Powers v. Brown, Judge, 122 Okla. 40, 252 Pac. 27.

Under the usual rule of pleading, the exhibit, that is, the court order, reciting the filing of written consent to sell, would control, and the general allegations of the petition to the effect that no service of the order of hearing on the petition to sell was made, would not contradict the recitation in the court order.

Plaintiffs next contend that the allegations in their amended petition were sufficient, as against demurrer, to show fraud and imposition practiced upon the county court inducing it to enter its decree of sale and order of confirmation. One of the grounds of fraud relied upon and alleged is that the guardian, through fraud and misrepresentation, induced the court to make an order dispensing with the appraisement of the land, and in support thereof plaintiffs call attention to the provisions of statute relating to duty of the guardian to file an inventory of the estate of his ward and the provision therein directing that such estate be appraised, and say it is jurisdictional. The record shows that the guardian filed an inventory.

In the case of Tucker v. Leonard, 76 Okla. 16, 183 Pac. 907, the contention was made that it was imperative that the lands sold be appraised, and that the court was without jurisdiction to confirm, unless the price bid was within 90% of the appraised value of the same. The court conceded that, were the sale a private one, the contention would be correct, but since the sale was a public one, it was held the irregularity did not invalidate the sale, it being stated in the syllabus of that case:

"Held, failure on the part of the guardian to return an inventory does not render void a sale of the ward's lands, under proper orders of the county court. * * *

"After a county court obtains jurisdiction of a guardianship sale proceeding, all nonjurisdictional irregularities and defects between the acquirement of jurisdiction and the order of confirmation are cured by the order of confirmation to the extent that the order of confirmation may not be collaterally attacked on account of such irregularities."

See, also, McNaughton v. Lewis, 124 Okla. 181, 254 Pac. 972.

In the instant case the land involved was sold at public auction, and the failure to appraise the land as provided by statute is apparently not such a defect as would invalidate the sale.

Other allegations of fraud alleged by plaintiffs were, in substance and to the effect, that the guardian in his petition to sell the land fraudulently stated that the approximate value of the ward's interest therein was $800, when, in fact:

"Said lands had a highly prospective oil and gas value, and would yield more than sufficient income from oil and gas and agricultural leases, rents, and royalties to more than support said minors, and that said lands were, at the time of said sale, leased for agricultural purposes; * * * that said lands had an actual cash value of more than $3,000; * * * that the mother of said minors was capable of and able to support and maintain said minors in case their land was not yielding sufficient income, but that said land was yielding income sufficient to maintain and support the minors at the time of said sale; that there were no taxes due against said lands at the time of said sale, all of which facts were known to the purported guardian and to the said purchaser; * * * that there was no testimony taken at the hearing. * * *"

The averments of fraud relied upon by plaintiffs relate to and concern matters properly before the county court for its determination under the petition to sell, and are presumed to have been considered and passed upon by the court and are so shown, according to the record.

In the case of Wray v. Howard, 79 Okla. 223, 192 Pac. 584, the same being an action to set aside and cancel guardian's deed, this court upheld the trial court in sustaining a demurrer to plaintiff's petition, wherein it was alleged, in substance:

"* * * That the defendant Howard fraudulently procured his appointment as plaintiff's guardian by falsely representing that said minor was a citizen of Tulsa county, and that as such guardian sold her lands to his codefendants for an inadequate consideration; that the county court of Tulsa county made the order appointing said guardian without giving 'the notice required by law,' and that the sale of the lands in controversy was made 'without any legal appraisement or actual view of the land'; that the purchaser at said guardian sale was a business associate of said guardian, and that all of said defendants acquired their alleged interest with notice"

—it being stated in the body of the opinion in that case:

"It is fraud aliunde the record, which may be inquired into, and not fraud by way of misrepresentation involved in the matter actually determined, which will authorize the court to act in proceedings of this character."

The case of Johnson v. Furchtbar, 96 Okla. 114, 220 Pac. 612, was one to recover lands sold through the county court, in which action the trial court sustained a motion in the nature of a demurrer to plaintiff's petition, and this court, in the body of the opinion in that case, stated:

"This proceeding is not one provided by law for attacking judgments, and, hence, is not a direct attack. It is urged by the plaintiff, however, that there are sufficient allegations of fraud in the petition to constitute this an equitable proceeding to set aside a judgment for fraud, and can, therefore, be maintained for that reason. In the above case, and in numerous other cases, this court has recognized equitable proceedings to vacate judgments procured through fraud, and in several cases such attacks have been denominated direct attacks, and we think that it may now be conceded that such a proceeding is recognized by this court as a direct attack. The petition in the instant case, however, contains no allegations of extrinsic fraud. The allegations of fraud were all as to matters which were before the county court for determination, and which were necessarily determined by the court when the order appointing the guardian was made, and it has been repeatedly held that fraud of this character is not sufficient to give a court of equity jurisdiction to set aside a judgment. Clinton v. Miller, 96 Okla. 71, 216 Pac. 135; Thigpen v. Deutch, 66 Okla. 19, 166 Pac. 901; Brown v. Trent, 36 Okla. 239, 128 Pac. 895; Tiger v. Drumright, 95 Okla. 174, 217 Pac. 453, Wolfe v. Gills, 96 Okla. 6, 219 Pac. 350."

"In a suit of equity, where it is sought to invalidate a guardian sale for fraud, only fraud extrinsic to the matters determined in the county court may be considered." Ross v. Groom, 90 Okla. 270, 217 Pac. 480.

See, also, McNaughton v. Lewis, supra; Manuel v. Kidd, 126 Okla. 71, 258 Pac. 732.

Considering the allegations of fraud, as alleged in plaintiffs' petition, in the light of the decisions referred to, we are of the opinion the same are insufficient to show fraud extraneous the record or issues before the county court, and conclude that the trial court did not commit error in sustaining defendant's demurrer to plaintiff's petition as a whole.

The ruling and judgment of the trial court is affirmed.

TEEHEE, REID, FOSTER, and DIFFENDAFFER, Commissioners, concur. RILEY, J., dissents.

By the Court: It is so ordered.

RILEY, J., (dissenting). I am opposed to the rule of law followed in the majority decision. My views are expressed in a dissenting opinion filed in the case of Harness v. Myers, 143 Okla. 147, 288 Pac. 285.

The majority opinion is also based upon Tucker v. Leonard, 76 Okla. 16, 183 Pac. 907, the rule of which in subsequent litigation has been modified by a majority of the court, but without my assent. Tucker v. Leonard, 144 Okla. 258, 291 Pac. 135.

Note.—See under (2, 3) 12 R. C. L. p. 1140; R. C. L. Perm. Supp. p. 3268.