## RILEY v. JONES et al.

No. 20078. Opinion Filed Nov. 10, 1931.

J. S. Severson and T. B. Latham, for plaintiff in error.

T. J. Flannelly, Paul B. Mason, and Hughes & Ellinghausen, for defendant in error Prairie Oil & Gas Company.

Thrift & Davenport, for defendant in error B. B. Jones.

John Rogers and Thrift & Davenport, for defendant in error McMan Oil Company.

Edward H. Chandler, Summers Hardy, Wm. O. Beall, Robert Imler, and Thrift & Davenport, for defendant in error Sinclair Oil & Gas Company.

CLARK, V. C. J. This action was commenced in the district court of Creek county by plaintiff in error herein, against the defendants in error herein, for ejectment, cancellation of conveyances, accounting, damages, and for decree quieting the title to a one-third interest in the lands described

in the petition. The parties, appearing here as they appeared in the trial court, will be referred to as plaintiff and defendants.

The plaintiff alleged in her petition, in substance: That she is a full-blood adult Creek Indian appearing opposite Roll N. B. 950; that Emma Derrisaw, Creek Roll No. 7246, died in McIntosh county, and left as her allotment, exclusive of homestead, as member of the Creek Tribe of Indians the lands described in the petition, and that the restrictions have not been removed on the right of alienation by the Secretary of the Interior, and that she died seized of the said lands, and died intestate.

That Emma Derrisaw died on or about the 8th day of November, 1908, in McIntosh county, and left surviving her as her sole and only heirs her husband, Doc Willingham, Julia Willingham, a daughter, and this plaintiff.

That in probate case No. 2753, in McIntosh county, the probate case having been transferred to Hughes county, Thomas Riley, as the legal guardian of plaintiff, then a minor, filed an application for power and authority to sell, as the court may direct, at public or private sale, the interest of plaintiff in and to said lands, and that on the 3rd day of April, 1912, a decree of sale was duly entered authorizing and directing the said guardian to sell said land at private sale; and among the appraisers at said private sale there was appointed G. W. McMillan, who was then and there the brother-in-law of M. Jones, a partner of B. B. Jones, the purchaser of the land at said sale. That B. B. Jones and M. Jones conducted a large real estate business at the town of Bristow and among their partners was the said G. W. McMillan, who was in their employ in addition to being the brother-in-law and member of the firm and shared in its profits; that this relationship created a condition that the appraisement was unfair and unjust to the minor and did not bring about a fair and impartial sale as provided by law and equity, so that the whole sale was void.

That the undivided one-third interest of plaintiff was sold for only $236, when the land was worth, for agricultural and grazing purposes and oil value, a much larger sum, so that the consideration was grossly inadequate.

That the interest of all defendants are inseparable for the reason that they grow out of and from the said alleged void guardian's deed.

Prayed for accounting, damages for unlawful detention, and decree canceling all of the conveyances that may grow out of and emanate from said pretended guardian's deed, and that title be quieted in plaintiff.

Plaintiff made a part of and attached as exhibits to her petition the guardianship proceedings pertaining thereto.

The appraisal, as shown by the exhibit, was signed and sworn to by three appraisers.

The defendants filed general demurrers on the grounds that the petition failed to state facts sufficient to constitute a cause of action, and that the petition shows on its face that the plaintiff had no cause of action against the defendants. The court sustained the demurrers, to which plaintiff excepted, plaintiff declined to plead further and elected to stand upon her amended petition, and thereupon defendants moved for judgment, which motion was by the court sustained, and judgment rendered for defendants, and dismissed plaintiff's amended petition, to all of which plaintiff excepted and gave notice of appeal, and brings the cause here for review.

Plaintiff in error in her brief states:

"The petition challenges the title of the defendants on the theory that fraud was practiced upon the guardian by the purchasers thereof under whom the defendants claim."

There is no allegation in the petition that there was any collusion between Jones, the purchaser, and McMillan, one of the three appraisers. There is no allegation that McMillan, the appraiser complained of, ever knew when he appraised the land that B. B. Jones, the purchaser of the land, intended to bid on the land nor that B. B. Jones, the purchaser, intended to do so at the time the appraisement was made. There is no allegation that any undue means were used to procure an appraisement lower than the actual value of the property. There is no allegation that McMillan, the appraiser, became interested personally in the purchase of said lands by Jones.

In the case of Scott v. Gypsy Oil Co., 112 Okla. 13, 239 P. 887, in the first and fourth paragraphs of the syllabus, this court said:

1. "County courts of this state have general jurisdiction in probate matters, and their orders and judgments will be accorded the same force, effect, and legal presumption as those of other courts of general jurisdiction."

4. "The question of the adequacy or inadequacy of the purchase price was an issue involved in the course of the proceedings for the sale, and the judgment of confirmation precludes inquiry on this matter in a collateral proceeding, in the absence of fraud in the party obtaining it."

And in the late case, Sarber v. Marland Oil Co., 147 Okla. 257, 296 P. 473, in the third and fourth paragraphs of the syllabus, this court said:

"3. After a county court obtains jurisdiction of a guardianship sale proceeding, all nonjurisdictional irregularities and defects between the acquirement of jurisdiction and the order of confirmation are cured by the order of confirmation to the extent that the order of confirmation may not be collaterally attacked on account of such irregularities.

"4. In a suit in equity, where it is sought to invalidate a guardian's sale for fraud, only fraud extrinsic to the matters determined in the county court may be considered."

And in the case of Harrison v. Orwig, 149 Okla. 54, 299 P. 143, in the ninth paragraph of the syllabus, this court said:

"Where guardianship proceedings have been conducted by a county court having jurisdiction, leading up to a confirmation of a sale of the ward's real estate, the sufficiency of the notice or waiver of the hearing upon the application for appointment of a guardian, the guardian's petition for decree of sale, the notice or waiver of hearing upon the petition for decree of sale, the notice or waiver of hearing upon the return of sale, and of the appraisement, when an appraisement is required, and the notice of sale, are all matters for the consideration of the county court, and where a guardian has been appointed, decree of sale made, and an order of confirmation of sale made, followed by execution and delivery of a guardian's deed, the proceedings are not open to a collateral attack in an independent suit to cancel the proceedings."

And in the case of Vacuum Oil Co. v. Brett, 147 Okla. 73, 294 P. 638, the question of sufficiency of the allegations and proof of fraud necessary to vitiate a judgment of a court of record was considered at length, and cited a great many decisions therein, and in the first paragraph of the syllabus in Thigpen v. Deutch, 66 Okla. 19, 166 P. 901, this court said:

"False evidence or perjury alone. relative to an issue tried, is not a sufficient ground for vacating or setting aside a judgment; the fraud which will authorize the court to vacate a judgment must be extrinsic or collateral to the issues tried in the cause wherein the attacked judgment was rendered; it must be such fraud of the prevailing party as to prevent the other from having a trial of the issues."

Under the holdings of this court in the cases herein cited, and the cases referred to therein, the proceedings in the case at bar are not open to a collateral attack in an independent suit to cancel the same; and

considering the allegations of fraud, as alleged in plaintiff's petition, in the light of the decisions referred to, we are of the opinion the same are insufficient to show fraud extrinsic to the matters determined in the county court, and conclude that the trial court did not commit error in sustaining defendants' demurrers to plaintiff's petition as a whole.

The statute of limitations was pleaded in this cause, and presented by plaintiff in error and defendants in error at length in their briefs; however, in view of what we have herein said, it is not necessary to consider that question.

The judgment of the trial court is in all things affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. HEFNER and McNEILL, JJ., absent.

Note.—See under (5) 15 R. C. L. 704, 705; R. C. L. Perm. Supp. p. 3980; R. C. L. Pocket Part, title Judgments, § 156.